■ LOUIS DE BERNARDO, Appellant-Respondent, v MARLENE DE BERNARDO et al., Respondents-Appellants.—Resettled judgment, Supreme Court, New York County (Elliott Wilk, J.), entered December 5, 1990, which granted mutual judgments

of divorce to plaintiff-husband and defendant-wife, and determined issues of custody, child support, equitable distribution and counsel fees, is unanimously modified, on the law, to vacate the distributive award of $20,000 to plaintiff and remand for supplemental findings pursuant to Domestic Relations Law § 236 (B) (5) (d) and (g); grant defendant-wife a distributive award of $6,698.17, to be held in abeyance pending the determination of plaintiff's distributive award; and increase child support from $12,000 to $14,962 per year, and otherwise affirmed, without costs.

In this action for divorce, commenced August 1985, plaintiff-husband and defendant-wife cross-appeal from portions of a resettled judgment which awarded the wife custody of the two infant children; directed the husband to pay annual child support in the amount of $12,000 and 50 percent of the children's expenses for education, childcare, summer camp, and unreimbursed medical expenses; dismissed the husband's causes of action for fraud, rescission, and conversion against the wife and her mother, defendant Janet Gross Sonderlick; granted the husband an equitable distribution award of $20,000; and awarded the husband counsel fees in the amount of $25,000.

The parties were married on December 12, 1974, and the two issue of the marriage, David and Daniel, were born on January 16, 1981 and December 2, 1983, respectively. At the time of trial, plaintiff-husband was an attorney employed in the United States Department of Law, Office of the Solicitor, at an annual salary of $60,000. Defendant-wife, also an attorney, was a Family Court Law Assistant, then earning a salary of $73,000 annually. Plaintiff sought dissolution of the marriage on grounds of constructive abandonment and cruel and inhuman treatment, and defendant-wife cross-claimed for divorce on the same grounds.

Following a trial which commenced on January 13, 1989 and continued intermittently until its conclusion one year later, the parties were granted mutual judgments of divorce in the resettled judgment appealed herein. We have examined the record, and conclude that it amply supports the IAS court's assessment of credibility, as well as its findings and conclusions of law with respect to custody, which was granted to the wife, as the primary caretaker of the children; the monies and items which defendants assert were entrusted, but not gifted, to the couple by defendant Sonderlick, and which formed the basis for plaintiff's causes of action for fraud, rescission and conversion; and the determination denying the

wife an interest in the apartment leased by plaintiff prior to the marriage and purchased exclusively by him and his mother.

In examining the distributive award to plaintiff of $20,000, however, we are unable to ascertain the basis upon which it is predicated. The trial court assessed defendant-wife's testimony with respect to relevant funds as "unresponsive, evasive and rambling", "largely incredible", and "confusing". The court concluded that she had "retained substantial assets", but that because she "has not been forthcoming, it is impossible * * * to determine the precise value of these assets." In the absence of such factual findings, we are unable to properly review the distributive award of $20,000 to plaintiff, which both parties challenge on appeal. While the court found that defendant could not have "less than $40,000" in marital assets, it did not determine the actual value of same, or set forth the statutory factors considered in making the award. *(See, Rogers v Rogers,* 116 AD2d 710, 711.)

Our examination of this record further establishes that the award of counsel fees was a proper exercise of the trial court's discretion, particularly in light of its findings that defendant-wife engaged in dissembling and obstructionist tactics. There is great flexibility in determining counsel fees, and the IAS court may consider its own knowledge and experience in appraising such services. *(Delgado v Delgado,* 160 AD2d 385, 386.)

On the question of the parties' IRA, pension and Keogh accounts, the record supports defendant-wife's claim that the pension/retirement plans of the parties are not comparable in value, and that she is entitled to a distributive award in the sum of $6,698.17, representing her share of the difference in the aggregate value of plaintiff's pension and IRAs as of the commencement of the divorce action ($48,949.75) and the value of her IRAs and Keogh account ($35,553.42). *(See, Majauskas v Majauskas,* 61 NY2d 481, 492.)

Finally, with respect to the award of child support, Domestic Relations Law § 240 (1-b) (c) (2) requires that the court multiply the combined parental income, up to $80,000, by the appropriate child support percentage, which, in this case, is 25 percent for the two children. (Domestic Relations Law § 240 [1-b] [b] [3] [ii].) Utilizing the court's findings that plaintiff's income is $60,000 and defendant-wife's income is $73,000, the combined income is $133,000, of which plaintiff's income comprises 45 percent. Twenty-five percent of $80,000 is $20,000,

and 45 percent of $20,000 is $9,000. On the amount of the combined income exceeding $80,000, here $53,000, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage". (Domestic Relations Law § 240 [1-b] [c] [3].) We have applied the child support percentage to reach an additional combined child support obligation of $13,250, of which plaintiff's share is $5,962. Thus, pursuant to the statutory guidelines, plaintiff's child support obligation totals $14,962, and the judgment is modified accordingly. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.