■ DIANE PIZARRO, Appellant, v EVERGREEN ESTATES HOUSING, Respondent. [772 NYS2d 508]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 29, 2001, which, in an action for personal injuries, denied plaintiff's motion to vacate the Clerk's dismissal of the action, and to restore it to the trial calendar, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 2, 2002, which denied plaintiff's motion to renew and reargue, deemed to be from an order denying a motion only to reargue, and, so considered, the appeal therefrom unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff fails to show a reasonable excuse for the default that led to the Clerk's dismissal of the action (22 NYCRR 202.21 [f]; *see Alvarado v 1824 Weeks Ave. Equities*, 305 AD2d 118 [2003]). It appears that personal appearances were not required at the Clerk's calendar call in question, and that instead the Clerk was to be advised of the status of the action through the submission of a written form. Plaintiff's attorney asserts that his office completed the form and returned it to the court in timely fashion through its lawyers' service. However, he submits no documentary evidence showing that the form was either received by the lawyers' service or delivered to the court. Plaintiff's motion to renew and reargue raised no new facts and

is therefore properly viewed as one for reargument only, the denial of which is not appealable (*see Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000], *lv denied in part and dismissed in part* 95 NY2d 860 [2000]). Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.