■ In the Matter of HORTENSE ANNA MAYFIELD, Also Known as ANNA MAYFIELD, Appellant, v ESPLANADE GARDENS, INC., et al., Respondents. [817 NYS2d 275]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered December 12, 2003, which denied petitioner's application to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD) denying petitioner succession rights in Mitchell-Lama housing, unanimously affirmed, without costs.

Whatever the scope of due process concerns raised by HPD's rules providing for succession rights in Mitchell-Lama housing (*cf. Allerton Coops Tenants Assn. v Biderman*, 189 AD2d 249, 253 [1993]), a full-blown evidentiary or "in person" hearing was not required here (*cf. Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO]*, 94 NY2d 686, 691-692 [2000]; *Matter of Fuller v Urstadt*, 28 NY2d 315, 318 [1971]). Petitioner's admission that she moved into her mother's apartment only two months before her mother died established that she did not meet the two-year coresidency requirement necessary to claim a family succession right (28 RCNY 3-02 [p] [3]). Petitioner fails to specify what additional material evidence or information could have been provided at a hearing that could not have been provided as documentary evidence. Petitioner does not complain about the opportunity she was given to submit documentary evidence in support of her claim. We have considered petitioner's other arguments and find them to be without merit. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.