■ ADAM BELOK, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [933 NYS2d 241]—

The determination that petitioner did not sustain his burden of establishing his entitlement to succession rights to his deceased parents' apartment had a rational basis in the record (*see Matter of Quan v New York City Dept. of Hous. Preserv. & Dev.*, 70 AD3d 528 [2010], *lv denied* 17 NY3d 703 [2011]; *Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288 [2008]). The governing regulatory agreement required that persons seeking succession rights be listed on annual income affidavits for the two years prior to the departure of the cooperator of record. Petitioner's mother died in August 2007, and he concedes that he did not provide the hearing officer with a copy of an income affidavit for calendar year 2006. Petitioner's submission of a copy of the affidavit with his article 78 petition is unavailing, since review of an agency determination is limited to the "facts and record adduced before the agency" (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000] [internal quotation marks and citation omitted]). In any event, even apart from the missing income affidavit, the documentary evidence reviewed by the hearing officer contained numerous inconsistencies relating to petitioner's address, including inconsistencies in the addresses given in tax returns filed by petitioner during the relevant time period (*see Hochhauser*, 48 AD3d at 289).

Petitioner was not entitled to an evidentiary hearing. The regulatory agreement under which he sought succession rights does not provide for a hearing, and the procedures adhered to by HPD afforded petitioner due process (*see Quan*, 70 AD3d at 528). The evidence petitioner claims he would have provided at an evidentiary hearing could have been provided as documentary evidence, and petitioner does not assert that he was denied an opportunity to submit such evidence (*see Matter of Mayfield v Esplanade Gardens, Inc.*, 30 AD3d 296 [2006], *appeal dismissed* 7 NY3d 864 [2006]).

The record does not support petitioner's claim that HPD or Supreme Court discriminated against him because he lived in the subject apartment while his wife and children lived in Dutchess County. HPD and the court merely found that petitioner had not proved that he engaged in that living arrangement for the relevant time period.

Petitioner's motion to renew and reargue raised no new facts and is therefore properly viewed as one for reargument only, the denial of which is not appealable (*Pizarro v Evergreen Estates Hous.*, 5 AD3d 143, 143-144 [2004]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.