Dale Kleinser, Appellant, v Mark Astarita et al., Respondents. [938 NYS2d 310]—

We need not decide the statute of limitations issue, because even if timely commenced, plaintiff failed to raise an issue of fact as to his claims of legal malpractice and breach of contract. Plaintiff's contention that defendants did not place before the

trial court in the underlying action the evidence of his ownership interest in the "47BH Account" is unsupported in the record. The trial court in the underlying action expressly found that plaintiff had a one-third interest in the 47BH Account. Moreover, the court explained, in detail, that that one-third interest entitled plaintiff to recover only $37,108, not the much greater sums he sought. Plaintiff does not argue that the court's calculation of damages was erroneous or a result of defendants' negligence. Hence, he failed to show that any negligence on defendants' part proximately caused him to recover less than he was otherwise entitled to (*see Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]). To the extent plaintiff argues that defendants did not sufficiently emphasize his ownership in the 47BH account, the argument is unavailing, since an insufficient emphasis would be, "at most, a mere error in professional judgment not rising to the level of legal malpractice" (*see Geller v Harris*, 258 AD2d 421 [1999]; *Rubinberg v Walker*, 252 AD2d 466, 467 [1998]).

As to his breach of contract claims, plaintiff failed to present evidence establishing the term of his alleged oral agreement with defendant Martin Kaplan whereby Kaplan agreed that defendant Gusrae Kaplan & Bruno would prosecute all appeals from the underlying judgment for no more than $50,000.

The appeal from the June 22, 2009 order was untimely (CPLR 5513 [a]). Contrary to plaintiff's argument that the order is brought up for review by an appeal from a judgment (CPLR 5501 [a] [1]), no judgment has been entered in this action. The November 6, 2009 order, which denied plaintiff's motion for reargument, is not appealable (*Pizarro v Evergreen Estates Hous.*, 5 AD3d 143, 143-144 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ. [**Prior Case History: 2010 NY Slip Op 31675(U).**]