■ In the Matter of EMMA TORRES. EMMA TORRES, Appellant, v DARA FREED, as Executrix of BERNARD COHEN, Deceased, Respondent, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent. JOEL B. MAYER, ESQ., Nonparty Respondent. [2 NYS3d 100]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about June 21, 2012, which, insofar as appealed from as limited by the briefs, confirmed a referee's report and ordered that the amount surcharged against the estate of former co-conservator Bernard Cohen not accrue interest until the date of entry of the order, unanimously modified, on the facts and in the exercise of discretion, to make interest run from October 3, 2008, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 16, 2010, unanimously dismissed, without costs, as untimely. Appeal from decision, same court and Justice, entered on or about October 16, 2009, unanimously dismissed, without costs, as taken from a nonappealable paper.

"An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]). Neither the record nor the supplemental record contains a final judgment (*see* CPLR 5501 [a] [1]); the June 2012 order does not bring up the earlier papers for review (*see Kleinser v Astarita*, 92 AD3d 518 [1st Dept 2012], *lv denied* 20 NY3d 857 [2013]). The 2009 decision, which concludes, "Settle order," is a nonappealable paper (*Plastic Surgery Group of Rochester, LLC v Evangelisti*, 39 AD3d 1265, 1265-1266 [4th Dept 2007]).

The instant action is "of an equitable nature" (CPLR 5001 [a]). It sought an accounting and led to the surcharge of a fiduciary, *viz.*, Cohen (*see Matter of Janes*, 90 NY2d 41, 55 [1997]; *Eighteen Holding Corp. v Drizin*, 268 AD2d 371 [1st Dept 2000]). Hence, the referee and the court had discretion to set the date from which interest shall be computed (*see* CPLR 5001 [a]).

However, in the exercise of our independent discretion, which is as broad as Supreme Court's, we find that interest should run from October 3, 2008. The referee was concerned that no party made efforts to enforce the July 1999 and December 2005 orders against Cohen until this proceeding was commenced. Appellant filed her petition on October 3, 2008.

Even in an equitable action, we should consider whether "defendants wrongly withheld plaintiff's money" (*Eighteen Hold-*

*ing Corp.*, 268 AD2d at 372) and when a beneficiary suffered a loss (*see Matter of Gourary v Gourary*, 94 AD3d 672, 673-674 [1st Dept 2012]). Cohen wrongfully withheld Jose Torres, Jr.'s (Jose Jr.'s) money by taking excess commissions in the amount of $23,357.78 in 1994, causing $16,502.22 to disappear from the accounts of the conservatorship at some point between December 31, 1995 and November 12, 1999, and disobeying court orders with respect to those sums; similarly, Jose Jr. suffered a loss in 1994 and at some point between 1995 and 1999. If interest did not start to run until June 2012, Cohen's estate and his surety would enjoy a windfall (*see Love v State of New York*, 78 NY2d 540, 545 [1991]).

Appellant asks us to remand to Supreme Court for a hearing on the commissions and legal fees taken by Cohen and to order that all such commissions and fees (as opposed to the $39,864 awarded by the court) be paid to Jose Jr.'s estate. However, when she moved to confirm the referee's report in part and reject it in part, appellant did not argue that the referee should have awarded commissions and fees beyond the amount that he actually awarded. She may not raise this argument for the first time on appeal. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.