■ Susan Budney, Respondent, v Michael Santomauro, Appellant. [35 NYS3d 61]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered August 22, 2014, which, insofar as appealed from as limited by the briefs, directed that defendant pay attorney's fees in the amount of $28,000 directly to plaintiff's attorneys, and granted plaintiff's request for an award of child support add-on expenses in the amount of $2,615.87, unanimously affirmed, without costs.

Defendant's argument that plaintiff's application for counsel fees was deficient because no billing statement accompanied her motion, is unpreserved, as it is raised for the first time on appeal (*see Matter of Torres*, 124 AD3d 525, 527 [1st Dept 2015], *lv dismissed* 26 NY3d 954 [2015]). Defendant never mentioned in his opposing papers that there was an absence of documentation to support the claim for legal fees; nor did he appear at oral argument to assert same. Were we to review the argument, we would find that the award of counsel fees was supported by the affirmation of plaintiff's counsel, the retainer agreement, and the billing statement, all of which were submitted on the motion, and warranted in light of defendant's obstructionist tactics (*see De Bernardo v De Bernardo*, 180 AD2d 500, 502 [1st Dept 1992]).

Although defendant challenges the court's award of child support add-ons in the amount of $2,615.87 because plaintiff refused to inform him of the exact amount of the healthcare bills, he failed to specifically challenge any item of expense for which plaintiff sought reimbursement. Thus, his argument that the add-on expenses, including those for the child's camp, did not reflect proper child support add-on expenses, is unpreserved, and in any event, is unpersuasive (*see* Domestic Relations Law § 240 [1-b] [c] [4]; *Micciche v Micciche*, 62 AD3d 673 [2d Dept 2009]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.