■ In the Matter of BETTY CHANG, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [39 NYS3d 793]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered March 25, 2015, denying the petition to annul a determination of respondent agency, dated March 27, 2014, which denied petitioner's appeal from a housing company's rejection of her application for succession rights to the apartment formerly rented by her mother, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that the apartment was not petitioner's primary residence for at least two years prior to the death of her mother, the tenant of record, in September 2012, has a rational basis. Petitioner was not named on the income affidavit for 2010, provided inconsistent statements about her residency during the relevant period, and failed to adequately explain a Queens address, which belonged to her husband and which she listed as her address on her father's death certificate in 2006, and was associated with her name on Internet searches. Furthermore, her residency was not otherwise established via documentary proof such as certified tax returns (*see Belok v New York City Dept. of Hous. Preserv. & Dev.*, 89 AD3d 579, 580 [1st Dept 2011]; *Matter of Cognata v New York State Div. of Hous. & Community Renewal*, 82 AD3d 482 [1st Dept 2011]). Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.