■ In the Matter of Lauren Renda, Appellant, v New York State Division of Housing and Community Renewal, Respondent. [802 NYS2d 655]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered June 18, 2004, which denied petitioner's application to annul respondent Division of Housing and Community Renewal's (DHCR) denial of her appeal from a housing company's denial of her application for succession rights to an apartment, and dismissed the petition, unanimously affirmed, without costs.

The determination that petitioner's grandmother's Mitchell-Lama apartment was not petitioner's primary residence for at least two years prior to her grandmother's death on June 9, 1997 (9 NYCRR 1727-8.3 [a]) has a rational basis and should not be disturbed. Whereas a number of the witnesses stated that they had met petitioner at the apartment in the summer of 1997, i.e., less than two years before her grandmother's death, none could definitively state that she moved in, or that they met or saw her there, prior to June 9, 1997. Nor did petitioner adduce persuasive evidence that the apartment was her primary residence. Her own statement and that of her parents in this

regard equivocated between the apartment and the parents' house, and the claim that it was the apartment was utterly unsupported by school records, a motor vehicle registration or driver's license, bank accounts, employment records or any documentation other than the annual income affidavits for 1997-1999, by definition necessary but not sufficient to prove primary residence (9 NYCRR 1727-8.2 [a] [5]). Petitioner's 1997-1999 tax returns originally listed her parents' address, and were amended to reflect the apartment's address only after DHCR requested tax records. Concur—Saxe, J.P., Ellerin, Williams, Catterson and Malone, JJ.