■ In the Matter of JAMES H. CALLWOOD, Appellant, v DAVID CABRERA, as Deputy Commissioner of the Division of Housing and Community Renewal, Respondent. [854 NYS2d 42]—

We reject petitioner's claim that the court lacked "jurisdiction" to dismiss his petition sua sponte before respondent rendered a determination. Petitioner does not allege that he failed to properly serve respondent, and indeed respondent appeared in the proceeding (*see* CPLR 7804 [c]). Nevertheless, dismissal was appropriate because the landlord's voluntary agreement to withdraw its objection to petitioner's succession rights application rendered the petition moot and nonjusticiable, leaving the court without subject matter jurisdiction over the proceeding (*see* CPLR 3211 [a] [2]).

Also without merit is petitioner's contention that the order should be vacated because the court "breached its obligatory disciplinary duties" by failing to refer respondent Commissioner and the landlord's attorney for disciplinary action. Conclusory allegations are not sufficiently indicative of "fraud, misrepre-

sentation, or other misconduct" to warrant vacatur of the order pursuant to CPLR 5015 (a) (3) (*see Weinstock v Handler*, 251 AD2d 184, 184 [1998], *lv dismissed* 92 NY2d 946 [1998]). In addition, the court advised petitioner that he could submit a complaint directly to the Disciplinary Committee.

To the extent petitioner challenges respondent's November 28, 2005 denial of his succession rights application, that challenge is barred by the statute of limitations (*see* CPLR 217 [1]; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]). In any event, in light of petitioner's failure to demonstrate why his name did not appear on his mother's income affidavits for the two years preceding her departure to Philadelphia in 1995 (*see Matter of Shuet Ying Gee v NYS Div. of Hous. & Community Renewal*, 276 AD2d 444 [2000]), respondent's denial of petitioner's succession application was not arbitrary or capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]).

We have considered petitioner's remaining claim and find it without merit. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.