■ In the Matter of ORMOND GILBERT, Respondent, v JERILYN PERINE, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Appellants, et al., Respondent. [859 NYS2d 166]—

Judgment (denominated an order), Supreme Court, Bronx County (Alan J. Saks, J.), entered January 12, 2006, which granted the petition to annul respondent's determination denying petitioner succession rights to his deceased mother's apartment and denied the municipal respondents' cross motion to dismiss the petition, unanimously reversed, on the law, without costs, the petition denied and the cross motion granted.

The Supreme Court erred in invoking the "relation back" doctrine to join Rosedale Gardens, Inc. as a necessary party respondent after the expiration of the applicable limitations period since petitioner's failure to name Rosedale Gardens in his original complaint was due to a mistake of law and not of fact (*see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 165 [2002]; *see also Buran v Coupal*, 87 NY2d 173, 181 [1995]).

While we would otherwise remand for consideration whether

this proceeding should continue in the absence of Rosedale Gardens, pursuant to CPLR 1001 (b) (*see Matter of Red Hook/ Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 460 [2005]), in view of petitioner's failure to demonstrate why his name did not appear on his mother's income affidavit for the year preceding her death, respondents' denial of his succession application cannot be deemed arbitrary and capricious (*see Matter of Callwood v Cabrera*, 49 AD3d 394 [2008]; *Matter of Greichel v New York State Div. of Hous. & Community Renewal*, 39 AD3d 421 [2007]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.