■ In the Matter of KRISTA MARTINO, Appellant, v SOUTH-BRIDGE TOWERS, INC., Respondent, and NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [890 NYS2d 487]—

The determination that petitioner did not have the right to succeed to the subject apartment upon the death of the tenant of record has a rational basis. The housing company was never notified in writing that petitioner had assumed occupancy in the apartment (*see* 9 NYCRR 1727-3.6), and when the tenant of record died on January 6, 1999, the only credible evidence that the apartment was petitioner's primary residence was the affidavit of income filed by the tenant of record in April 1998 listing petitioner as a resident of the apartment. Accordingly, even accepting petitioner's claim that she should be considered disabled, she failed to demonstrate that the unit was her primary residence for the required time period (*see* 9 NYCRR 1727-8.2 [a] [5]; 1727-8.3 [a] [two years, or one year if a disabled person]; *Matter of Greichel v New York State Div. of Hous. & Community Renewal*, 39 AD3d 421 [2007]; *Matter of Johnson v State of N.Y. Div. of Hous. & Community Renewal*, 213 AD2d 345 [1995]). Contrary to petitioner's argument, the listing of her name on the affidavit of income filed in April 1998 did not establish her occupancy of the apartment in 1997.

We have considered petitioner's remaining contentions,

including that she was denied due process in the proceedings before DHCR, and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.