◼ In the Matter of NELLY FLORES-TULLY, Appellant, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [894 NYS2d 506]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of New York Department of Housing Preservation and Development dated August 4, 2008, which denied, inter alia, the petitioner's application for succession rights to apartment 4-M owned by the respondent Dayton Towers Corporation, the petitioner appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered April 2, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the petitioner's contention, the determination that she did not have succession rights to apartment 4-M (hereinafter the subject apartment), in the building owned by the respondent Dayton Towers Corporation (hereinafter Dayton), was not arbitrary and capricious and had a rational basis (see generally Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). It is undisputed that the petitioner was never named on the income affidavits filed for the subject apartment prior to the death of the tenant of record, her late husband, nor was Dayton ever notified of her occupancy of that apartment prior thereto. Moreover, it is undisputed that she filed income affidavits in which she averred she occupied apartment 10-A in that same building (see 9 NYCRR former 1727-8.2 [a] [5]; 28 RCNY 3-02 [p] [3]; Matter of Gilbert v Perine, 52 AD3d 240 [2008]; Matter of Callwood v Cabrera, 49 AD3d 394 [2008]; Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288 [2008]; Matter of Greichel v New York State Div. of Hous. & Community Renewal, 39 AD3d 421).

The petitioner's remaining contentions are without merit. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.