■ In the Matter of PAUL MURPHY, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, et al., Respondent. [937 NYS2d 16]—

Supreme Court properly determined that petitioner submitted ample evidence to establish that he occupied the subject apartment with his parents as a "primary residence" in 1998 and 1999, the two years immediately before his parents permanently vacated the apartment (9 NYCRR 1727-8.2 [a]). It was arbitrary and capricious for DHCR to deny his appeal solely on the ground that no annual income affidavits were filed in 1998 and 1999. While the regulation at issue mandates that

tenants of record file annual income affidavits, listing as an occupant the family member seeking succession rights (9 NYCRR 1727-8.2 [a] [2] [a]), the relevant inquiry is primary residency during the relevant time period (*Matter of Martino v Southbridge Towers, Inc.*, 68 AD3d 412, 412 [2009]; *Matter of Renda v New York State Div. of Hous. & Community Renewal*, 22 AD3d 382, 382 [2005]). Accordingly, the failure to file the requisite annual income affidavit is not fatal to succession rights, provided that the party seeking succession proffers an excuse for such failure (*Matter of Gilbert v Perine*, 52 AD3d 240, 241 [2008]; *Matter of Callwood v Cabrera*, 49 AD3d 394, 395 [2008]) and demonstrates residency with other documentary proof listed within 9 NYCRR 1727-8.2 (a) (2) (b). Here, petitioner's mother offered such an excuse which was supported by the record. Moreover, petitioner submitted a host of other documents evincing that the subject apartment was in fact his primary residence for the relevant time period, namely 1998 and 1999. Respondent's determination, denying petitioner succession rights to the subject apartment, was thus arbitrary and capricious.

We have considered DHCR's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ. **[Prior Case History: 29 Misc 3d 1213(A), 2010 NY Slip Op 51816(U).]**