■ In the Matter of MARINA AYVAZAYAN, Also Known as MARINA VANCE, Petitioner, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [9 NYS3d 876]—Determination of respondents, dated December 23, 2013, issuing a certificate of eviction upon a finding that the apartment at issue was not petitioner's primary residence, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paul Wooten, J.], entered June 13, 2014), dismissed, without costs.

Substantial evidence supports respondents' determination that the subject apartment was not petitioner's primary residence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). By submitting tax returns for 2008 through 2011 that listed two different addresses, petitioner failed to "provide[s] proof that . . . she . . . filed a New York City Resident Income Tax return at the claimed primary residence for the most recent preceding taxable year for which such return should have been filed" (Rules of City of NY Dept of Housing Preservation and Development [28 RCNY] § 3-02 [n] [4] [iv]). Petitioner's W-2 forms also showed two different addresses, and various other documents admitted into evidence at the hearing listed yet a third address. Moreover, the hearing officer found that petitioner's and

petitioner's son's testimony was not credible, and that determination is entitled to deference (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.