■ In the Matter of OKOLIE CYRIL, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [33 NYS3d 706]—

Determination of respondent New York City Department of Housing Preservation and Development, dated June 5, 2013, which, after a hearing, issued a certificate of eviction upon a finding that the Mitchell-Lama apartment leased to petitioner was not his primary residence, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan B. Lobis, J.], entered Apr. 23, 2014), dismissed, without costs.

The determination that petitioner failed to maintain the apartment as his primary residence, in violation of the rules applicable to Mitchell-Lama apartments (*see* 28 RCNY 3-02 [n] [4]), is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181-182 [1978]), including evidence that he used an address other than the apartment's address for voting registration purposes, in unrelated court proceedings, and on his tax returns and W2 forms (*see* 28 RCNY 3-02 [n] [4] [i], [ii]; *Matter of Ayvazayan v City of N.Y. Dept. of Hous. Preserv. & Dev.,* 129 AD3d 494 [1st Dept 2015]; *Matter of Santiago v East Midtown Plaza Hous. Co., Inc.,* 59 AD3d 174 [1st Dept 2009]).

We have considered petitioner's remaining contentions, including his argument that the record is incomplete, and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.