■ In the Matter of HAILE KING-RUBIE, Appellant, v MATHEW M. WAMBUA, as Commissioner of the New York City Department of Housing Preservation and Development, Respondent. [34 NYS3d 590]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated January 16, 2013, that the petitioner does not have succession rights to a certain Mitchell-Lama apartment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Sweeney, J.), dated December 18, 2013, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the New York City Department of Housing Preservation and Development dated January 16, 2013, is annulled, and the New York City Department of Housing Preservation and Development is directed to grant the petitioner's application for succession rights to the subject apartment.

The determination of the New York City Department of Housing Preservation and Development (hereinafter DHPD) that

the petitioner did not have succession rights to a certain apartment located in a Mitchell-Lama cooperative housing development (*see* Private Housing Finance Law § 10 *et seq.*), owned by Lindsay Park Housing Corporation, was arbitrary and capricious and lacked a rational basis in the record (*see* CPLR 7803 [3]). Under the circumstances of this case, the petitioner, who has Down syndrome, established that he was a "family member" of the vacating tenant of record, his great aunt, by demonstrating that he resided with his great aunt in the subject apartment as his primary residence, and proving "emotional and financial commitment and interdependence" between himself and his great aunt (28 RCNY 3-02 [p] [2] [ii] [B]; *see RHM Estates v Hampshire*, 18 AD3d 326 [2005]; *see also Hazel Towers Co., L.P. v Gonzalez*, 41 Misc 3d 1230[A], 2013 NY Slip Op 51937[U] [Civ Ct, Bronx County 2013]).

Further, the petitioner established that the apartment was his primary residence for the relevant one-year co-residency period prior to his great aunt's death on February 3, 2012 (*see* 28 RCNY 3-02 [p] [3]). In this regard, the petitioner submitted income affidavits for 2005 through 2010, which demonstrated that he was included as a member of his great aunt's household; the income affidavit for 2011 was not due before the great aunt's death on February 3, 2012.

Beyond the income affidavits, the petitioner submitted additional evidence to demonstrate that the subject apartment was his primary residence during the relevant cotenancy period. In 2011, when the petitioner turned 21 years old, he submitted a recertification package to the DHPD. The package was approved in December 2011, and the petitioner was recertified as part of the family composition of the subject apartment.

In addition, the petitioner submitted a DHPD Rent Breakdown dated December 29, 2011, which listed him as being part of the family composition. Furthermore, a billing statement from the Harlem School of the Arts, where the petitioner attended high school, dated August 24, 2011, listed the subject apartment as the petitioner's address. The record also includes the petitioner's interim New York State Identification Card, and his permanent New York State Identification Card, both of which were issued during the relevant cotenancy period, and list the subject apartment as the petitioner's address.

Further, in a letter dated June 18, 2012, the petitioner's Medicaid Service Coordinator at JobPath, Inc., a not-for-profit organization for adults with developmental disabilities, verified that the petitioner resided at the subject apartment.

The record also includes a Banco Popular check dated May

21, 2011, indicating the petitioner's address as the subject apartment, in which the petitioner made a payment to Verizon on behalf of his great aunt. The petitioner also submitted a blank check from his Banco Popular account indicating the subject apartment as his address, and a January 24, 2012, bank statement from Banco Popular addressed to the petitioner at the subject apartment. Additionally, the record includes a letter dated June 29, 2012, addressed to the petitioner at the subject apartment from the Social Security Administration.

A New York City Department of Education Individualized Education Program, corresponding to a conference dated March 4, 2010, listed the petitioner's address as the subject apartment. In addition, the record includes a letter from Lindsay Park Housing Corporation dated June 20, 2012, stating that the petitioner resided at the subject apartment. There is no evidence in the record that the petitioner resided at any other address (see RHM Estates v Hampshire, 18 AD3d at 327; see also Hazel Towers Co., L.P. v Gonzalez, 41 Misc 3d 1230[A], 2013 NY Slip Op 51937[U] [Civ Ct, Bronx County 2013]).

Under these circumstances, the petitioner established his entitlement to succession rights to the subject apartment (see 28 RCNY 3-02 [p] [2] [ii] [B]; [3]).

In light of our determination, we need not reach the petitioner's remaining contentions. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.