stances in each case. Factors to be considered include the frequency and nature of the contact, the nature and extent of the control exercised by appellant over the child's environment, the duration of appellant's contact with the child, and appellant's relationship with the child's parent (*Matter of Trenasia J. [Frank J.],* 25 NY3d 1001, 1004 [2015], citing *Matter of Yolanda D.* at 796).

Appellant testified that he cared for the younger children every work day by taking them to school and picking them up, preparing meals, cleaning the home, preparing the children's clothing, grocery shopping, and providing financial assistance to the household. The school social worker and appellant both testified that M.W. lived in the home in September 2014, when the incident took place. Although appellant later changed his testimony concerning her residence, the court properly credited his initial statement and found that he was a person legally responsible for M.W. Given her age, she did not require the same hands-on care as the younger children, but his testimony reflected that he contributed to the functioning of the household of which she was a part and had frequent regular contact with her (*see Matter of Kevin N. [Richard D.],* 113 AD3d 524 [1st Dept 2014]).

The court properly concluded that M.W.'s out-of-court statement to the school social worker that appellant had made a sexually threatening comment to her was corroborated by his criminal history of pleading guilty to raping two girls only a year or two younger than M.W. and the determination that he was a level three violent sex offender at high risk of recidivism (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112, 118-119 [1987]; *Matter of Christina F.,* 74 NY2d 532, 536 [1989]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ In the Matter of RICHARD SHERMAN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [40 NYS3d 770]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered March 25, 2015, granting respondent New York State Division of Housing and Community Renewal's (DHCR) cross motion to dismiss the petition to annul DHCR's determination, dated July 31, 2014, which upheld the denial of petitioner's claim to succession rights to his deceased mother's

apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that the subject apartment was not petitioner's primary residence for at least two years prior to the death of his mother in November 2010 has a rational basis (*see e.g. Matter of Martino v Southbridge Towers, Inc.*, 68 AD3d 412 [1st Dept 2009]). The record shows petitioner was not named on the income affidavits during the relevant time period and, other than an affidavit from a friend of petitioner's mother, who said that the apartment was petitioner's primary residence, petitioner failed to submit any other documentary evidence showing that the apartment was his primary residence (*see Matter of Renda v New York State Div. of Hous. & Community Renewal*, 22 AD3d 382 [1st Dept 2005]; *see also* 9 RCNY 1727-8.2 [a] [2]; *compare Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649 [2013]). Furthermore, "persons seeking succession may only have one primary residence" (9 NYCRR 1727-8.2 [a] [2] [ii]), and here, petitioner does not dispute that he frequently traveled to his home in California to take care of a family business, while also taking care of his mother in New York.

We have considered petitioner's remaining contentions, including that respondent Southbridge Towers should be estopped from contesting him succession, and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ Loren McLean et al., Appellants, v Tishman Construction Corporation et al., Respondents. [40 NYS3d 771]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered December 18, 2015, which denied plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240 (1) claim and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiffs' motion and deny defendants' motion as to the section 240 (1) claim, and otherwise affirmed, without costs.

The injured plaintiff testified that a metal beam, while being placed on a flatbed truck, fell off the blades of a forklift, slamming plaintiff's foot and causing him to fall off the truck. This unrefuted testimony established prima facie that "plaintiff's