OPINION OF THE COURT
Katherine A. Levine, J.
Petitioner Adam James seeks an order vacating the August 23, 2016 determination of the respondent New York City Department of Housing Preservation & Development (HPD), rendered by Vicki Been, as Commissioner of HPD, that petitioner did not have succession rights to apartment 3C, 21 St. James Place, Brooklyn (subject apartment). Specifically, HPD ruled that petitioner did not sustain his burden of establishing through documentary evidence that he co-resided in the subject apartment with his grandmother Laura James, the record shareholder and lessee, for two years prior to her death. The subject apartment is located in the housing complex known as St. James Towers, Inc. (SJT), also a respondent herein, which is a state-supervised, limited-profit housing company organized under article II of the Private Housing Finance Law, commonly known as the Mitchell-Lama Law. Petitioner further seeks an order staying SJT from commencing eviction proceedings and transferring the proprietary lease to anyone other than him.
Petitioner claims that HPD’s decision was arbitrary and capricious because in 2008 SJT approved him for succession rights to the subject apartment as the grandson of Laura James prior to her death in April 2006. In support of this claim, petitioner submitted to HPD a letter addressed “to whom it may concern,” dated March 6, 2008, from Orlando Torres of Wentworth Property Management, the alleged manager of the property. The letter states that petitioner resided in and “has been approved for a legal succession claim” on the subject apartment, was the “new stockholder of record,” and was “awaiting approval” from HPD for the “issuance of a new stock certificate.” SJT generically denied the truth of this letter in its answer.
Respondents HPD and SJT contend that the court should deny James’ petition to set aside HPD’s decision because it was *633 not arbitrary and capricious, as HPD correctly found that petitioner failed to prove that he resided with his grandmother in the subject apartment for the two years prior to her death pursuant to the requirements of 28 RCNY 3-02 (p).
In reviewing HPD’s determination, the court must ascertain whether it was “arbitrary and capricious,” and made “without sound basis in reason or regard to the facts.” (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652, 654-655 [2013]; Matter of King-Rubie v Wambua, 141 AD3d 589, 589-590 [2d Dept 2016]; Matter of Morton v New York City Dept. of Hous. Preserv. & Dev., 93 AD3d 727 [2d Dept 2012].) An agency’s determination is deemed arbitrary and capricious if it has evaluated the facts using a standard that deviates from that which is expressly set forth in the statutes and regulations, as such a deviation betrays a lack of “sound basis in reason” for the determination. (See Matter of ACME Bus Corp. v Orange County, 28 NY3d 417, 425 [2016] [award of city contract under General Municipal Law § 104-b is arbitrary and capricious if municipality evaluates a proposal using a standard which deviates from a standard expressly set forth in the request for proposal]; see also Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144 [2002].)
Pursuant to 28 RCNY 3-02 (p) (3), petitioner must establish the following to prove his right to succeed to the Mitchell-Lama tenancy: (1) he is a family member of Laura James; (2) he resided with her at the subject apartment as his primary residence for at least two years prior to her death on April 17, 2006; and (3) his name appeared on at least the last two income affidavits that Laura James submitted to a governmental agency prior to her death. (Matter of Murphy, 21 NY3d at 653; Matter of Sherman v New York State Div. of Hous. & Community Renewal, 144 AD3d 533 [1st Dept 2016].)
Petitioner satisfies the first requirement as there is no dispute that he is the grandson-family member of Laura James. (28 RCNY 3-02 [p] [2] [ii] [A].) However, he has failed to produce sufficient documentation to satisfy the second and third requirements. Petitioner submitted copies of the following documents, none of which prove that the subject premises were his primary residence during the relevant period: (1) a 2005 “Tenant/Shareholder Annual Household Income Affidavit” (tenant affidavit), signed by petitioner, dated September 15, 2006 (five months after Laura James’ death), and notarized by his *634 father; (2) Laura James’ death certificate, obituary and funeral program; (3) a baptismal certificate for his father; and (4) two awards he received for outstanding community service, dated June 22, 1999, and June 12, 2001.
The tenant affidavit submitted by petitioner does not by itself establish his entitlement to succession rights. (See Matter of Grossbard v New York State Div. of Hous. & Community Renewal, 137 AD3d 661 [1st Dept 2016]; Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288 [1st Dept 2008].) It was not signed and submitted by Laura James, the tenant/shareholder of record, and therefore does not meet the regulatory requirement that the purported successor’s name be listed “on any income documentation submitted by such tenant!cooperator.” (28 RCNY 3-02 [p] [3] [emphasis added].) In addition, petitioner does not claim that he submitted the tenant affidavit to any governmental agency, as required by 28 RCNY 3-02 (p) (3). Furthermore, the tenant affidavit is incomplete and only purports to cover 2005.
Petitioner’s failure to submit the requisite annual income affidavit would not have been fatal to his succession rights if he had proffered an excuse for such failure and demonstrated his co-residency with other documentary proof listed within 9 NYCRR 1727-8.2 (a) (2) (b), including but not limited to certified copies of tax returns, voting records, motor vehicle registration, driver’s license, school registration, bank accounts, employment records, and insurance policies. (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 91 AD3d 481, 482 [1st Dept 2012], affd Matter of Murphy; Matter of Moore v City of N.Y., 2013 NY Slip Op 30164[U] [Sup Ct, NY County 2013].) However, petitioner has not offered any excuse for his failure to submit any documentation proving his co-residence during the relevant period. All the materials submitted by petitioner have no bearing on whether the subject premises were his primary residence during the relevant period.
Furthermore, SJT’s alleged consent to petitioner’s succession rights, as evidenced by the letter from its purported property manager and the fact that petitioner allegedly lived at the subject apartment for several years without any objection from SJT, similarly do not establish petitioner’s succession rights. Petitioner in effect argues that HPD is estopped from denying him succession rights on the basis of SJT’s earlier approval. However, the doctrine of estoppel may not be invoked against a *635 governmental agency to prevent it from discharging its statutory duties. (Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 779 [2008]; Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988]; Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d 905 [2d Dept 2016].) Thus, SJT’s prior lack of enforcement of the applicable occupancy requirements with respect to the subject apartment does not estop HPD from enforcing the regulations requiring specific documentation to prove petitioner’s co-residency in the two years prior to his grandmother’s death. (Matter of Wilson.)
Finally, petitioner has not shown that HPD in any way deviated from the standards set forth in the statutes and regulations when it considered petitioner’s application for succession.
Accordingly, this court finds that HPD’s determination was not “arbitrary and capricious” and was reasonably based on the facts. Therefore, the petition is denied.