Matter of Ryan v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 05221)





Matter of Ryan v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 05221


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9774 159677/16

[*1]In re Bronwyn Ryan, Petitioner,
v
New York City Department of Housing Preservation and Development, et al., Respondents.


Green and Cohen, P.C., New York (Adam M Bernstein of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for New York City Department of Housing Preservation and Development, respondent.
Gallet Dreyer & Berkey LLP, New York (Michelle P. Quinn of counsel), for East Midtown Plaza Housing Company, Inc., respondent.



Determination of respondent New York City Department of Housing Preservation and Development, dated October 18, 2016, which, after a hearing, denied the petition for succession rights to the subject apartment and issued a certificate of eviction, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Erika M. Edwards, J.], entered June 12, 2017), dismissed, without costs.
The determination that petitioner failed to establish succession rights to the subject apartment is supported by substantial evidence, as was the issuance of the certificate of eviction (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Petitioner admitted that her mother, a cooperator of record, always resided in a different apartment, and that her father lived with her at the subject apartment "on and off" and "a lot of times in the summer." By such testimony, petitioner failed to establish that her father, the other cooperator of record, used the subject apartment as his primary residence, let alone that he and petitioner resided there during the two years before he vacated the apartment (see Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406, 407 [1st Dept 2007]).
The only documentation petitioner offered to establish that her father's primary residence was the subject apartment was the income affidavits from 2001 through 2008. Income affidavits alone, however, are insufficient to establish primary residency (see Matter of Broussard v New York City Dept. of Hous. Preserv. & Dev., 170 AD3d 563 [1st Dept 2019]; Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289 [1st Dept 2008]). Petitioner provided no objective documentation, such as her father's tax returns, driver's license, voter registration card, or utility bills in his name to establish his primary residency in the apartment (see Matter of Horne v Wambua, 143 AD3d 605 [1st Dept 2016]). The Hearing Officer's conclusion that petitioner's father may have spent some time at the apartment, but that no documentation reflected it as his address, was entitled to deference (see Matter of Ayvazayan v City of N.Y. Dept. of Hous. Preserv. & Dev., 129 AD3d 494 [1st Dept 2015]).
The testimony of petitioner's witnesses, who admitted they had never been in the apartment or met petitioner's father, was not specific and detailed, and was insufficient to help petitioner establish her father's primary residency and her succession rights (see Matter of Renda [*2]v New York State Div. of Hous. & Community Renewal, 22 AD3d 382, 383 [1st Dept 2005]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK