Herman v Herman (2020 NY Slip Op 00538)





Herman v Herman


2020 NY Slip Op 00538


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


650205/11 -950354/13 10892NB 10892NA 10892N

[*1] Rosemarie A. Herman, etc., et al., Plaintiffs-Respondents,
v
Julian Maurice Herman, et al., Defendants-Appellants. Michael Offit, et al., Defendants. 
[And a Third Party-Action]


Boies Schiller Flexner LLP, Armonk (Nicholas Gravante, Jr. of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City (Steven R. Schlesinger of counsel), for respondents.



Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered August 31, 2018, on or about October 16, 2018, and on or about November 20, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion pursuant to CPLR 5015(a)(2) to vacate a judgment, granted plaintiffs' motion to appoint a receiver, and directed the receiver to execute a deed transferring defendant Julian Maurice Herman's (Maurice) interest in the subject property to the trust created by plaintiff Rosemarie Herman (Rosemarie) in 1991, unanimously affirmed, with costs.
In support of their motion to vacate the judgment under CPLR 5015(a)(2), defendants failed to demonstrate that their newly discovered evidence (i.e., an affidavit from the parties' uncle) could not have been found earlier with due diligence, was material, and would probably have produced a different result (see Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., 226 AD2d 102, 103 [1st Dept 1996]), since Maurice's answer, including his statute of limitations defense, had previously been stricken due to his repeated discovery violations and misconduct (see Herman v Herman, 134 AD3d 442 [1st Dept 2015].
The court also properly exercised its discretion in appointing a receiver to transfer Maurice's interest in the property at issue to the trust created by Rosemarie in 1991 to at least partially satisfy the outstanding judgment of over $100,000,000 (see CPLR 5228(a); Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK