| Nampiaparampil v New York City Campaign Fin. Bd. |
|---|
| 2025 NY Slip Op 31538(U) |
| April 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159019/2022 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAKOTA D. RAMSEUR**      PART        **34M**

*Justice*

-----------------------------------------------------------------------------X

DEVI E NAMPIAPARAMPIL, METROPOLIS PAIN
MEDICINE PLLC,

                    Plaintiffs,

                - v -

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159019/2022 |
| MOTION DATE | 01/31/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

On or about October 2022, plaintiffs Devi E Nampiaparampil and Metropolis Pain Medicine PLLC (a company Nampiaparampil solely owns) (hereinafter, collectively, "plaintiffs") commenced the instant action against defendant New York City Campaign Finance Board (the "CFB"). Plaintiffs asserted the CFB allegedly provided Nampiaparampil with false information and made at least two statements that libeled her when she ran for New York City's Public Advocate in 2021. By Decision and Order dated April 14, 2023 (the "April 2023 Decision"), the Court dismissed this action. Now, plaintiffs move to vacate said Decision pursuant to CPLR 5015 (a) (2) and (a) (3). The CFB opposes the motion in its entirety. For the following reasons, Plaintiffs' motion to vacate is denied.

Plaintiffs have engaged in extensive litigation and administrative proceedings in connection with Nampiaparampil's 2021 campaign for Public Advocate, the majority of which—whether here or in federal court—have been dismissed.[1] In 2021, a Justice of this Court denied Nampiaparampil's Order to Show Cause to require the CFB include her profile in an already printed voter guide or print a new, separate one in October 2021. (*See* NYSCEF doc. 170, <u>OSC Order dated 10/22/2021</u> [J. Hagler].) Thereafter, plaintiffs commenced the instant action asserting various causes of action, including for breach of contract and negligence. By Decision and Order dated April 14, 2023, the Court dismissed the complaint in its entirety for failure to comply with the notice of claim requirement pursuant to General Municipal Law §§ 50-e and 50-i and for failure to state a claim pursuant to CPLR 3211 (a) (7). (*See* NYSCEF doc. 146, <u>Decision and Order dated 4/14/2023</u> [holding plaintiffs failed to show that the CFB owed a special duty of care to recover for negligence, that it referred to or specifically identified plaintiffs for defamation purposes, and that a contract existed to support a breach of contract].)

---

[1] For a fuller picture of the various litigation, see the Court's April 2023 Decision. (NYSCEF doc. no. 146.)

159019/2022  NAMPIAPARAMPIL MD, DEVI E ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD
Motion No. 002

Page 1 of 4

Subsequently, Nampiaparampil commenced a federal action raising claims as to the CFB's Voter Guided, debate program, Campaign Finance Program, and its post-election audit of her campaign. That action was likewise dismissed, with the majority of her claims precluded by this Courts' various findings, but with leave to renew granted as to one limited claim retaliation. (*See* NYSCEF doc. 155, dismissal order.) After her counsel withdrew, Nampiaparampil proceeded *pro se*, and filed the amended complaint alleging, among other things, that she was prohibited from retaining counsel by CFB's "Lawyer Ban"—a term used by Plaintiffs to refer to New York City's Campaign Finance Act (the "Act")'s limitation on individual spending on campaigns receiving public funds. (*See* NYC Admin Code 3-703 [1] [c].) While the Act limits participating candidates' personal expenditures in furtherance of their campaign beyond a certain threshold, plaintiffs appeared to erroneously interpret the statute as banning her from, or making it illegal for her to, "try and save her campaign by retaining a lawyer." (*See* NYSCEF doc. no. 151 at 3, plaintiffs' affidavit.) During the federal litigation proceedings, CFB General Counsel Joseph Gallagher filed an affidavit in which he averred that, under the Act, post-election enforcement processes and/or other federal proceedings were not considered "in furtherance of" 2021 campaign, meaning they do not constitute a "campaign activity" and, thus, the Act would not prevent them from hiring an attorney to represent in those matters. (NYSCEF docs. 166 at 9, 169, Gallagher affidavit.)

Now, two years after the Court dismissed the instant action, plaintiffs seek to vacate the April 2023 Decision and Order pursuant to CPLR 5015 (a) (2) and (a) (3). [2] Plaintiffs argue the Decision was procured by fraud, misrepresentation, or misconduct, in that CFB allegedly denied plaintiffs the ability to retain counsel through its enforcement of the Act's statutory requirements, denied the existence of a January 17, 2023 public hearing, and made misrepresentations in the federal action. Plaintiffs also argue that newly discovered evidence—namely, CFB General Counsel's statements regarding the Act in the federal action—requires vacating the Order. [3] As discussed above, the CFB opposes the motion in its entirety.

CPLR 5015 provides courts with the discretion to relieve a party from its previous judgment on grounds that "(a) (2) newly discovered evidence would probably have produced a different result" or where the judgment was procured using "(a) (3) fraud, misrepresentation, or other misconduct." (*See* CPLR 5015 [a] [2], [a] [3].)

To warrant vacatur under CPLR 5015 (a) (2), the newly discovered evidence must be material to the litigation, have been in existence and discoverable at the time the original order was entered, and shown to have probably produced a different result. (*Herman v Herman*, 179 AD3d 594, 595 [1st Dept 2020]; *Maddaloni v Maddaloni*, 163 AD3d 792, 793 [2d Dept 2018].)

---

[2] Although plaintiffs move to vacate under CPLR 5015 (a) (4) and (a) (5), the instant motion is more properly brought under CPLR 5015 (a) (2) and (a) (3). For purposes of CPLR 5015 (a) (4), plaintiffs have consented to this Court's jurisdiction and make no availing arguments as to why vacatur is proper under this provision. As to CPLR 5015 (a) (5), a judgment may be vacated where a prior order upon which it was based has been reversed, modified, or vacated. Here, neither ground for vacatur is present; thus, CPLR 5015 (a) (4) and (a) (5) are not applicable herein.

[3] Though plaintiff "brings this motion… with newly discovered evidence, admissions about the 'Lawyer Ban,' from CFB General Counsel Joseph Gallagher [sic]," and asserts said evidence would have convinced the Court that the "Lawyer Ban" is an actual policy, Gallagher's affidavit states the opposite: that there is no such statute or policy at the CFB that implements a "Lawyer Ban." Thus, it is not clear to the Court how the affidavit constitutes newly discovered evidence in plaintiffs' favor.

**159019/2022 NAMPIAPARAMPIL MD, DEVI E ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**
**Motion No. 002**

Page 2 of 4

2 of 4

[* 2]

As to CPLR 5015 (a) (3), conclusory allegations are not sufficiently indicative of fraud, misrepresentation, or other misconduct to warrant vacatur. (*Callwood v Cabrera*, 49 AD3d 394, 394-95 [1st Dept 2008].) Lastly, an order may not be vacated when the moving party had knowledge of the fraud, misrepresentations, or misconduct, before the order was issued. (*Matter of People by James v Vdare Foundation, Inc.*, 227 Ad3d 423, 423-24 [1st Dept 2024].)

Here, plaintiffs have failed to adequately plead the presence of a "Lawyer Ban," either when she was campaigning in 2021 and opposing the CFB's statutory scheme before Justice Hagler, in litigating the federal action, or in opposing the CFB's original motion to dismiss. Rather, it appears that plaintiffs misinterpreted certain campaign regulations as complete "bans" rather than as limiting personal expenditure for campaign if it were to receive public election funds. Regardless, on a more basic level, plaintiffs' subjective interpretation of campaign finance statutes cannot serve as the basis for vacatur under CPLR 5015 (a) (3) since they cannot readily attribute any wrongdoing to the CFB. As such, they have not established, outside of conclusory assertions, that the previous judgment was procured under circumstances of fraud, misrepresentation, or other misconduct. (*See Callwood v Cabrera*, 49 AD3d 394, 394-95 [1st Dept 2008] ["conclusory allegations are not sufficiently indicative of 'fraud, misrepresentation, or other misconduct' to warrant vacatur"]; (*Matter of People by James v Vdare Foundation, Inc.*, 227 Ad3d 423, 423-24 [1st Dept 2024] [finding vacatur not proper where, like here, the moving party was aware of alleged misrepresentation "long before the order was issued"].) [4]

As to CPLR 5015 (a) (2), plaintiff has not demonstrated that the purported newly discovered evidence—i.e., Gallagher's affidavit—would "probably" have produced a different result. (*Herman v Herman*, 179 AD3d 594, 595 [1st Dept 2020].) Again, the Court's April 2023 Order dismissed this action for negligence, libel, disparagement of a commercial entity, breach of contract, and negligent hiring based upon (1) General Municipal Law § 50-e and plaintiff's failure to timely serve a notice of claim and (2) plaintiffs' failure to demonstrate the existence of a duty the CFB owed to them or the presence of a contract that the CFB breached. In moving for vacatur for an alleged "Lawyer Ban," however, plaintiffs' motion papers do not address how any of her claims would have survived said motion even were this purported new evidence available to them. Put differently, even supposing a "lawyer ban" existed and was corroborated by the Gallagher affidavit, the CFB would have been entitled to dismissal for the same reasons addressed in its previous Decision. Under these circumstances, plaintiffs' challenge to the CFB's policy would more properly have been asserted in plaintiffs' constitutional challenge to the CFB regulations before Justice Hagler than here, in attempting to recover against the CFB for alleged injuries sustained to her campaign. As such, plaintiffs have not demonstrated that vacating the Court's April 2023 Decision is warranted.

Accordingly, for the foregoing reasons, it is hereby

---

[4] While plaintiff's opposition to the previous motion to dismiss did allege that the CFB "could charge us with campaign finance violations should I hire a lawyer" (*see* NYSCEF doc. no. 104 at ¶ 20), this evidences two problems: (1) plaintiff was aware of the purported misrepresentations on the prior motion (thus precluding vacatur on this application), and (2) since none of plaintiffs' claims were premised on this allegation, they cannot show that, under CPLR 5015 (a)(2), their ability to hire an attorney would have changed the outcome of this litigation.

**159019/2022  NAMPIAPARAMPIL MD, DEVI E ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**
**Motion No.  002**

Page 3 of 4

3 of 4

ORDERED that plaintiffs Devi E Nampiaparampil and Metropolis Pain Medicine PLLC's motion to vacate the Decision and Order dated April 14, 2023 is denied; and it is further

ORDERED that plaintiffs shall serve a copy of this decision and order upon all parties, with notice of entry, within ten (10) days of entry.

This constitutes the decision and order of the Court.

20250429152641DRAMSEUR4828AAD390C949D7BBD39CB453079C4C

| **4/29/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAKOTA D. RAMSEUR, J.S.C.** | |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | x  DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159019/2022  NAMPIAPARAMPIL MD, DEVI E ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**
**Motion No.  002**

Page 4 of 4

4 of 4