| |
|---|
| **Hong Jin v Herman** |
| 2025 NY Slip Op 32183(U) |
| June 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155675/2019 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADLEY                    PART                22
_____
                              *Justice*

-----------------------------------------------------------------X    INDEX NO.            155675/2019

HONG JIN, LI HUA HUANG, WEN HUI ZHANG, WEN HUI    MOTION DATE          04/11/2025
ZHANG, SHUI JIN WANG

                        Plaintiff,              MOTION SEQ. NO.          006

                - v -

HENRY HERMAN, LYEHUDA SHEIRIS, BINYAN              **DECISION + ORDER ON**
LORIMER, LLC, HERMAN EQUITIES, LLC,                      **MOTION**

                        Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 142

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

This is a personal injury action where the plaintiff alleges she sustained serious injuries as a result of the motor vehicle accident that occurred on November 28, 2018. On June 6, 2019, plaintiffs commenced this action. Defendants filed an Answer and Amended Answer. On February 21, 2020, plaintiffs filed a motion for summary judgment on the issue of liability as to the moving defendants. Defendants filed opposition on March 9, 2020. This Court issued a decision granting the summary judgment as to the issue of liability in favor of plaintiffs and as against the moving defendants.

Before the Court is the motion filed by defendants, Henry Herman and Lyehuda Sheiris, seeking an Order, pursuant to *CPLR §5015(a)(2)*, vacating the Court's decision dated January 4, 2021 (*see, NYSCEF Doc. No. 75*), which granted summary judgment in favor of plaintiffs as against the moving defendants.

In the motion, the moving defendants argue that the Court's Order should be vacated based on new information discovered about the defendant Henry Herman's brain condition that may have an impact on the defendant's negligence in the subject accident. The moving defendants submit that the physician's affidavit from Fabio M. Iwamoto, M.D. (*see, NYSCEF Doc. No. 110*) dated July 18, 2024, provides new information that would present an issue of fact to the plaintiffs' summary judgment motion. In his affidavit, Dr. Iwamoto explained that he specializes in neuro-

oncology. Dr. Iwamoto attests that he began treating defendant Herman on or about May 10, 2023 due to a large mass on Mr. Herman's brain. During Mr. Herman's treatment, Dr. Iwamoto determined that the defendant's diagnostic imaging showed a large mass on defendant Herman's brain, which was diagnosed as right frontal anaplastic meningioma. Dr. Iwamoto opined that based upon the type, size and location of the tumor, the tumor was likely on the defendant's brain at the time of the subject accident on November 28, 2018. Specifically, Dr. Iwamoto opined that "there is a reasonable possibility that the meningioma caused a seizure or neurological episode which in turn caused the accident." *(See, NYSCEF Doc. No. 110)*

In the motion, the moving-defendants argue that Dr. Iwamoto's affidavit dated July 18, 2024, presents issues of fact as it pertains to the defendant's medical condition and his liability in the subject accident, which was not known at the time of the summary judgment motion. Therefore, the defendants request that the Court vacate the Decision and Order granting the plaintiff's motion for summary judgment on the issue of liability.

In opposition, the plaintiffs argue that the motion to vacate must be denied because the motion is procedurally improper and should have been filed as an Order to Show Cause so the Court could prescribe the timing and method of service. The plaintiffs also argue that the defendants failed to assert why the newly discovered brain mass could not have been discovered through due diligence since the issue of defendant Herman's alleged brain mass and its side effects could have been raised during discovery, at his deposition and during the multiple court conferences, as well as in opposition to the plaintiffs' summary judgment motion. Plaintiffs also contend that defendants have not established that the new evidence, had it been known earlier, would have led to a different outcome. Plaintiffs argue that even if defendant Herman's brain mass was newly discovered evidence, there is insufficient evidence to conclude that the defendant was experiencing a medical emergency at the time of the subject accident. Plaintiffs emphasize that Dr. Iwamoto's examination of defendant Herman took place four years after the incident, and his "affidavit is not 'competent or expert medical evidence' and is therefore not enough to establish the existence of the claimed medical emergency nor its unforeseeable nature."

Discussion

Pursuant to *CPLR §5015(a)(2)*, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct [when] newly-discovered evidence which, if introduced at the

155675/2019   JIN, HONG vs. HERMAN, HENRY
Motion No. 006

Page 2 of 4

2 of 4

trial, would probably have produced a different result." *CPLR §5015(a)(2)*. "To warrant vacatur under *CPLR §5015(a)(2)*, the newly discovered evidence must be material to the litigation, have been in existence and discoverable at the time the original order was entered, and shown to have probably produced a different result." *Herman v. Herman*, 179 A.D.3d 594, 595 (1st Dep't 2020); *Maddaloni v. Maddaloni*, 163 A.D.3d 792, 793 (2d Dep't 2018); *see also, Nampiaparampil v. New York City Campaign Finance Bd.*, No. 159019/2022, 2025 WL 1237071, at *2 (N.Y. Sup. Ct. Apr. 29, 2025).

There are two basic elements to vacating a judgment or order on the ground of newly discovered evidence. *CPLR §5015*. The first element is that the moving party must address and establish that the evidence was not known, and the movant took particular care to also address how the exercise of reasonable diligence would not have led to its timely disclosure. *CPLR §5015(a)(2)*. The second element is that the moving party must establish that had the new evidence been known earlier, the Court would probably have reached a different determination. *Id.*

Here, Dr. Iwamoto opined that "based upon the type, size and location of the tumor, the tumor was likely on the defendant's brain at the time of the subject accident on November 28, 2018." The discovery of the new facts concerning defendant Herman's brain mass and diagnosis of right frontal anaplastic meningioma, and if introduced at the time of the plaintiff's summary judgment motion, would probably have resulted in the denial of said motion as there are questions of fact regarding the defendant's negligence in the subject accident. *See also, RSD857 LLC v. Wright*, No. 160679/2020, 2022 WL 2715903, at *3 (N.Y. Sup. Ct. July 13, 2022). Furthermore, "there is no stated time limit for a motion to vacate based on newly discovered evidence. The law implies a reasonable time, and what is reasonable is determined *sui generis*." *Siegel & Connors, New York Practice, Section 428* (6th ed. 2018). As such, this Court finds that the movant-defendants have demonstrated that this Court's Order on the plaintiff's motion for summary judgment should be vacated under *CPLR §5015(a)(2)*.

Accordingly, it is

**ORDERED** that the defendants' motion is GRANTED to the extent that the Court's Decision and Order dated January 4, 2021 is vacated, and the plaintiff's motion for summary judgment is denied as defendants raised an issue of fact as to defendant Herman's liability; and it is further

155675/2019 JIN, HONG vs. HERMAN, HENRY
Motion No. 006

Page 3 of 4

[* 3]

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, Defendants shall serve a copy of this decision/ order upon the Plaintiffs with notice of entry.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| 6/20/2025 | | LISA S. HEADLEY, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155675/2019   JIN, HONG vs. HERMAN, HENRY
Motion No. 006

Page 4 of 4