■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BROWN, Also Known as DANTE QUINONES, Appellant. [726 NYS2d 851] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered February 6, 1995, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning identification and credibility. The undercover officer had ample opportunity to observe defendant during the transaction and provided a detailed and accurate description. The totality of defendant's conduct clearly warranted an inference of accessorial liability (*see, People v Bello,* 92 NY2d 523). Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.

■ In the Matter of MARCIA McGANN-WAYNE, Petitioner, v FRANCES LIPPA et al., Respondents. [727 NYS2d 307] —Determination of respondent Department of Housing Preservation and Development, dated February 4, 2000, that petitioner was not entitled to succession rights to a cooperative apartment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Bruce Allen, J.], entered June 14, 2000), dismissed, without costs.

Initially, we note that since this determination was not made pursuant to an administrative hearing, it was improperly transferred to this Court on the issue of substantial evidence. We nevertheless address the merits in the interest of judicial economy (*Matter of Kent Ave. Block Assn. v New York City Bd. of Stds. & Appeals,* 280 AD2d 423). The determination that petitioner was not a primary tenant in her mother's Mitchell-Lama apartment for at least two years prior to her mother's death in 1992 had a rational basis (*see, Matter of Colton v Berman,* 21 NY2d 322, 329). The submissions before the Hearing Officer included income affidavits for the two years immediately prior to the death of petitioner's mother that failed to reflect petitioner's primary residence at this apartment, as well as the inadequately explained fact that petitioner leased a different apartment in 1991, the year before her mother's death, for which apartment she received section 8 benefits (*see, Matter of Studley v New York City Dept. of Hous. Preservation & Dev.,* 277 AD2d 101). Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.