■ In the Matter of CADMAN PLAZA NORTH, INC., Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Appellant, et al., Intervenor. [737 NYS2d 590] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered October 12, 2000, which, in a CPLR article 78 proceeding to determine succession rights to a Mitchell-Lama apartment, remanded the matter to respondent for an evidentiary hearing, unanimously reversed, on the law, without costs, and the petition dismissed.

The remand was improper and the owner's petition should have been dismissed. Initially, there must be a protected property interest sufficient to trigger the requirements of procedural due process (*Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89, 98 [*cert denied* 523 US 1074], citing *Board of Regents v Roth*, 408 US 564, 577; *see also, Matter of Uniform Firefighters of Cohoes v City of Cohoes*, 94 NY2d 686, 691). Property interests "are defined by existing rules or understandings that stem from an independent source such as state law * * *" (*Daxor, supra* at 98 [internal quotation marks omitted]). Thus, "[i]n considering whether a legitimate claim of entitlement, or right, is granted by State law, 'the focus is on the relevant statute, regulation, or contract establishing eligibility for the benefit at issue * * *.'" (*id.*) Here, petitioner lacked such property interest with respect to the right to direct succession because, under the regulations, occupancy of a subject apartment is conditioned on respondent agency's approval (28 RCNY 3-02 [n] [1]), and the form of the agreement must be approved by respondent (28 RCNY 3-02 [o] [3] [iv]).

While we reject respondent's contention that the ultimate authority to grant or deny succession rights lies with it alone, based on 28 RCNY 3-02 (p), it is nonetheless evident that the agency retains some measure of discretion in directing who may succeed to an apartment, and it is this element of discretion that negates petitioner's claim of a protected property interest (*see, Daxor, supra* at 98-99; *Sanitation & Recycling*

*Indus. v City of New York*, 107 F3d 985, 995). Thus, petitioner is not entitled to a full evidentiary hearing. Concur—Williams, J.P., Saxe, Rosenberger, Wallach and Lerner, JJ.