■ In the Matter of DEAN F. PIETROPOLO, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [836 NYS2d 16]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 4, 2006, which dismissed this proceeding challenging a determination of respondent Department of Housing Preservation and Development denying succession rights to petitioner and issuing a certificate of eviction, unanimously affirmed, without costs.

The determination that petitioner did not sustain his burden of establishing his entitlement to succession rights to his sister's apartment was not affected by an error of law, and was not irrational, unreasonable, or arbitrary and capricious (CPLR 7803 [3]; *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331 [1995]).

Petitioner's inclusion in income affidavits did not, in and of

itself, establish his entitlement to succession rights as a matter of law. In order to succeed to leasehold rights in this Mitchell-Lama apartment pursuant to 28 RCNY 3-02 (p) (3), petitioner bore the burden of establishing that he resided there with his sister, as a primary residence (*see* 28 RCNY 3-02 [n] [4]), for two years immediately prior to her permanent departure (*see Matter of Alfred v Barrios-Paoli*, 251 AD2d 659, 660 [1998]), and appeared on the income affidavits for at least two consecutive annual reporting periods prior to her departure. While petitioner claims that his sister left in November 2000, his 2000 income affidavit identified petitioner as the sole occupant, and no objective documentary evidence (e.g., income tax returns, W-2 forms, driver's license or bank statements) was submitted to substantiate that the apartment remained the sister's primary residence until November 2000. The income affidavits and certain other submissions did support petitioner's claim of residency, but they were inconsistent with his 1998 and 1999 tax returns, W-2 forms and bank statements that showed a Dutchess County address. Significantly, petitioner stated in his 1999 New York City Non-Resident Tax Return that he did not maintain an apartment or live in the City for any part of that year (*see e.g. Gottlieb v Licursi*, 191 AD2d 256 [1993]).

Petitioner was not entitled to an evidentiary hearing. The regulation under which he claimed succession rights (28 RCNY 3-02 [p]) did not provide for a hearing. Petitioner utilized the statutory protections and was afforded all the due process to which he was entitled under the circumstances (28 RCNY 3-02 [p] [8] [ii]; *see generally Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev.*, 290 AD2d 344 [2002]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.