■ In the Matter of DAVID HOCHHAUSER, Now Known as DAVID LURIE, Appellant, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent, et al., Respondent. [853 NYS2d 22]—

Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered November 1, 2006, which denied petitioner's application to annul the determination of respondent City of New York Department of Housing Preservation and Development (HPD) denying petitioner succession rights to the subject Mitchell-Lama apartment, and dismissed the proceeding, unanimously affirmed, without costs.

The determination that petitioner did not sustain his burden of establishing his entitlement to succession rights to his daughter's apartment had a rational basis (*see Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406 [2007]; *Matter of McGann-Wayne v Lippa*, 284 AD2d 279 [2001]). The inclusion of petitioner in income affidavits submitted by his daughter and son-in-law did not, in and of itself, establish his entitlement to succession rights as a matter of law (*Matter of Pietropolo*, 39 AD3d at 406-407). Rather, in rejecting the application, HPD was entitled to consider the lack of objective documentary evidence supporting petitioner's claim, inconsistencies among the documents that were submitted, and the fact that petitioner provided an address other than the subject apartment as his place of residence on a tax return filed during the relevant time period (*see* 28 RCNY 3-02 [n] [4]; *Matter of Studley v New York City Dept. of Hous. Preserv. & Dev.*, 277 AD2d 101 [2000]).

The HPD did not act illegally or irrationally in declining petitioner's request that his appeal be reopened to consider additional documents, or in concluding that such documents, if considered, would not have warranted a different determination. Nor was petitioner entitled to an evidentiary hearing since the procedures provided by the regulations for determining a family member's claim to succession rights satisfy due process (28 RCNY 3-02 [p] [8] [ii]; *see Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev.*, 290 AD2d 344 [2002]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.