■ In the Matter of JOSEPH DEMONICO, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [852 NYS2d 124]—

Although this proceeding was improperly transferred to this Court because the determination of respondent was not made pursuant to an administrative hearing, we nevertheless address the merits of the petition in the interest of judicial economy (*see Matter of McGann-Wayne v Lippa*, 284 AD2d 279 [2001]; *Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.*, 24 NY2d 174, 180 [1969]).

In view of the objective medical evidence demonstrating that petitioner's cardiomyopathy was of unknown origin and that while he had high blood pressure since 2003, it was unlikely that this was the cause of the cardiomyopathy because he had no history of hypertension, the statutory presumption set forth in General Municipal Law § 207-k was sufficiently rebutted, and the determination that petitioner's condition was not job-related had a rational basis (*see Matter of Walsh v Board of Trustees of N.Y. City Police Dept. Pension Fund, Art. II*, 37 AD3d 370 [2007]; *Matter of Seldon v Kelly*, 21 AD3d 840 [2005]). Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.