In the Matter of OANFA QUAN, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [895 NYS2d 75]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 13, 2009, which denied petitioner's application to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD) denying petitioner succession rights to the subject Mitchell-Lama apartment, and dismissed the proceeding, unanimously affirmed, without costs.

The determination that petitioner did not sustain her burden of establishing her entitlement to succession rights to her grandmother's apartment had a rational basis (*see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288 [2008]; *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406 [2007]). Although petitioner did submit, inter alia, income affidavits and tax returns listing the subject apartment as her address, in rejecting the application, HPD was entitled to consider the inconsistencies contained in other documents filed during the relevant time period, including where petitioner provided an address other than the subject apartment as her place of residence (*see* 28 RCNY 3-02 [n] [4]; *Hochhauser*, 48 AD3d at 289).

Contrary to petitioner's contention, she was not entitled to an evidentiary hearing since the regulation under which she claimed succession rights does not provide for a hearing (*see* 28 RCNY 3-02 [p]). The record shows that petitioner utilized the statutory protections and was afforded all the due process to which she was entitled under the circumstances (28 RCNY 3-02 [p] [8] [ii]; *Pietropolo*, 39 AD3d at 407). Concur—Friedman J.P., Sweeny, Nardelli and Freedman, JJ.