■ NINA YUNAYEVA, Appellant, v KINGS BAY HOUSING CO., INC., et al., Respondents. [941 NYS2d 591]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered February 4, 2011, which denied the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated

February 23, 2010, denying petitioner succession rights to the subject Mitchell-Lama apartment and issuing a certificate of eviction, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination had a rational basis in the record and was in accordance with lawful procedure. Petitioner failed to demonstrate that the subject apartment was her primary residence for two years immediately before her husband permanently vacated the apartment, and that she was listed on the income affidavits for those two years (28 RCNY 3-02 [p] [3]; *Matter of Girigorie v New York City Dept. of Hous. Preserv. & Dev.*, 75 AD3d 430 [2010]). Petitioner's argument that she was denied due process and a meaningful opportunity to participate in the administrative hearing because she was not provided with an interpreter is not properly before us, as she never requested an interpreter at the administrative level (*see Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009]). In any event, the hearing transcript shows that, despite the lack of an interpreter, petitioner understood and answered the questions asked of her by HPD's counsel. Moreover, petitioner's due process claim must fail, as she lacks a protected property interest (*see Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev.*, 290 AD3d 344 [2002]). Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.