In the Matter of ANASTASIA PAZANA, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT, Respondent, et al., Respondent. [954 NYS2d 880]—

The agency's determination had a rational basis in the record (*see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288 [1st Dept 2008]). Even assuming that petitioner established disability, she still failed to meet her burden of proving that she resided in the apartment as her primary residence for a one-year period prior to her grandmother's death in May 2008 (*see* 28 RCNY 3-02 [p] [3]). Petitioner's affidavit contained the equivocal claim that she "spent much time" at the apartment, where she had lived "for extended periods," which residency she believed lasted for "well over half the year" in both 2006 and 2007. While petitioner explained the absence of some of the normal documentary indicia of residency, she failed to explain the lack of any other documentary proof of such residence (*compare Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 91 AD3d 481 [1st Dept 2012], *lv granted* 19 NY3d 812 [2012]).

The court properly refused to consider additional evidence not submitted to the agency (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]), which submissions, in any event, would not have changed the outcome.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.