■ In the Matter of MALIK TURNER, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT et al., Respondents. [52 NYS3d 335]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered June 23, 2015, which denied the petition seeking to annul the determination of respondent, The New York City Department of Housing Preservation and Development (HPD), dated August 11, 2014, which found that petitioner was not entitled to succeed to the tenancy of his deceased grandmother's Mitchell-Lama apartment, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

"The determination that petitioner did not sustain his burden of establishing his entitlement to succession rights to his [grandmother's] apartment was not affected by an error of law, and was not irrational, unreasonable, or arbitrary and capricious" (*Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406, 406 [1st Dept 2007]; CPLR 7803 [3]).

Petitioner rested his succession claim on the fact that he was included on the 2011 and 2012 income affidavits for the subject premises as proof that he resided there, and attempted to explain the lack of documentation during the co-residency period as a result of his "young age and status as a college student." However, petitioner's inclusion on the income affidavits "[does] not, in and of itself, establish his entitlement to succession rights as a matter of law" (*Matter of Pietropolo*, 39 AD3d at 406-407).

Petitioner further relied on the "student exception" to the primary residency requirement, which provides that the relevant time period to establish residency is not interrupted by any period during which the family member seeking succession rights temporarily relocates because he is enrolled as a full-time student *and* that he reside in the subject apartment as his primary residence for at least two years immediately before enrolling as a full-time student (28 RCNY 3-02 [p] [5] [ii]). However, he enrolled at Morehouse College in the fall of 2011, and failed to establish that he primarily resided in the subject premises for the two years prior to starting college in 2011.

Petitioner also failed to submit any documents to establish proof of residency which were dated during the two years prior to the death of Lorraine Simmons, i.e., March 4, 2014, or that he was a full-time student at Morehouse College during that period. Petitioner did not submit his transcript until after the hearing officer issued her August 11, 2014 decision; however, even considering the transcript, discrepancies such as the

absence of classes for the spring 2012 semester, and the fact that petitioner graduated from a high school in New Jersey made the provision of additional information supporting his primary residency all the more relevant.

Petitioner was not entitled to an evidentiary hearing (28 RCNY 3-02 [p] [8] [ii]; *see Matter of Pietropolo*, 39 AD3d at 407; *Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev.*, 290 AD2d 344, 345 [1st Dept 2002]). Concur— Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.