■ In the Matter of WLADIMIR SANCHEZ et al., Appellants, v COMMISSIONER, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, et al., Respondents. [57 NYS3d 51]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated January 23, 2014, which confirmed the denial of the petitioners/plaintiffs' application for succession rights to an apartment owned by the respondent/defendant Lindsay Park Housing Corp., and action for a judgment declaring that the respondent/defendant Lindsay Park Housing Corp. discriminated against the petitioners/plaintiffs in violation of the New York City Human Rights Law and that the respondent/defendant Commissioner, Department of Housing Preservation and Development of the City of New York violated the petitioners/plaintiffs' due process rights under the Federal and State Constitutions, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Kings County (Edwards, J.), dated January 5, 2015, which, in effect, denied the petition and dismissed the proceeding/action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the action, and adding thereto a provision declaring that the respondent/defendant Lindsay Park Housing Corp. did not discriminate against the petitioners/plaintiffs in violation of the New York City Human Rights Law and that the respondent/defendant Commissioner, Department of Housing Preservation and Development of the City of New York did not violate the petitioners/plaintiffs' due process rights under the Federal and State Constitutions; as so modified, the judgment is affirmed, without costs or disbursements.

In 2013, the petitioners/plaintiffs applied for succession

rights to an apartment located in a Mitchell-Lama cooperative housing development (*see* Private Housing Finance Law § 10 *et seq.*) owned by the respondent/defendant Lindsay Park Housing Corp. (hereinafter Lindsay Park). Lindsay Park denied their application, finding that they failed to demonstrate when the apartment's tenant/cooperator, the sister of the petitioner/plaintiff Wladimir Sanchez, vacated the apartment. The petitioners/plaintiffs (hereinafter the family members) appealed to the respondent/defendant Commissioner, Department of Housing Preservation and Development of the City of New York (hereinafter HPD). In a determination dated January 23, 2014, after considering additional submissions by the family members, HPD determined that they failed to establish when the tenant/cooperator vacated the apartment, and, therefore, confirmed the denial of their succession rights application and issued a certificate of eviction against them.

The family members then commenced this hybrid CPLR article 78 proceeding and declaratory judgment action, seeking to annul HPD's determination and alleging violations of the New York City Human Rights Law (*see* Administrative Code of City of NY § 8-107) and their federal and state constitutional due process rights. They contended that, with respect to the administrative procedures relating to succession rights, Lindsay Park and HPD failed to provide translation services or notice that the family members could request such services. The Supreme Court, in effect, denied the petition and dismissed the proceeding/action. The family members appeal.

Contrary to the family members' contention, the Supreme Court properly rejected their allegations that Lindsay Park violated the New York City Human Rights Law with respect to housing accommodations (*see* Administrative Code § 8-107 [5]; *Hayden v Paterson*, 594 F3d 150, 168 [2d Cir 2010]; *Soberal-Perez v Heckler*, 717 F2d 36, 41 [2d Cir 1983]). Although Lindsay Park did not provide translation services for the family members during the administrative process, which involved written requests for information and written responses from the family members, the family members never requested translation services. In any event, the family members' written submissions were written in the English language, and they submitted numerous documents written in the English language.

Further, the Supreme Court properly rejected the family members' allegations that HPD violated their due process rights under the Federal and State Constitutions, and that its determination was therefore affected by an error of law (*see*

CPLR 7803 [3]). Pursuant to the applicable regulations, the family members were not entitled to a hearing with respect to their application for succession rights (*see* 28 RCNY 3-02; *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406, 407 [2007]; *Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev.*, 290 AD2d 344, 344-345 [2002]), and HPD's rules governing succession rights satisfy federal and state due process requirements (*see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288, 289 [2008]; *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d at 407). Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.