Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev. (2018 NY Slip Op 01123)





Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev.


2018 NY Slip Op 01123


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5708 157409/15

[*1]In re Jian Min Lei, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, et al., Respondents-Respondents.


Steven T. Gee, P.C., New York (Steven T. Gee of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Emma Grunberg of counsel), for New York City Department of Housing Preservation and Development, respondent.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for Gouverneur Gardens Housing Corp., respondent.



Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered August 23, 2016, denying the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), which denied petitioner's claim for succession rights to the subject apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's inclusion on his father's income affidavits does not, by itself, establish his entitlement to succession rights as a matter of law (see Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406 [1st Dept 2007]). HPD was "entitled to consider the lack of objective documentary evidence supporting petitioner's claim. . .and the fact that petitioner provided an address other than the subject apartment as his place of residence on a tax return filed during the relevant time period" (Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289 [1st Dept 2008]).
The fact that the housing company changed its records and billings, accepted petitioner's rent checks for several years, and entered into a transfer agreement is unavailing, as "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 779 [2008] [internal quotation marks omitted]). HPD never issued a lease, and the payment of rent by petitioner did not legitimatize his occupation of the apartment (see Matter of Adler v New York City Hous. Auth., 95 AD3d 694 [1st Dept 2012], lv dismissed 20 NY3d 1053 [2013]).
Contrary to petitioner's contention, the transfer agreement did not constitute an approval of his succession rights, and the agreement specifically stated that it was subject to HPD regulations. Equally unavailing is petitioner's argument that HPD should have challenged the housing company's transfer of his tenancy under 28 RCNY 3-18, and not pursuant to 28 RCNY 3-02(p), since no written lease was involved (compare Matter of Waldman v New York City Dept. of Hous. Preserv. & Dev., 36 AD3d 501 [1st Dept 2007]).
Petitioner also claims that he was never provided with a translation of the documents. However, there is no evidence that an interpreter was requested (see Yunayeva v Kings Bay Hous. Co., Inc., 94 AD3d 452 [1st Dept 2012]). Furthermore, "the regulation under which [petitioner] claimed succession rights (28 RCNY § 3-02(p)) did not provide for a hearing" (Pietropolo at 407); nor was one warranted under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK