Matter of Jacobowitz v New York City Dept. of Hous. Preserv. & Dev. (2018 NY Slip Op 02300)





Matter of Jacobowitz v New York City Dept. of Hous. Preserv. & Dev.


2018 NY Slip Op 02300


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6176 100092/14

[*1]In re Rivka Jacobowitz, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Max O. McCann of counsel), for respondent.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 4, 2016, denying the petition to annul the determination of respondent, dated September 23, 2013, which denied petitioner succession rights to the subject Mitchell-Lama apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination has a rational basis in the record and was made in accordance with lawful procedure (see generally Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406 [1st Dept 2007]; CPLR 7803[3]). Even assuming that petitioner's sister was the tenant of record for purposes of succession, petitioner failed to provide credible documentation establishing when she moved into the apartment, and when her sister vacated, sufficient to establish entitlement to succession rights (28 RCNY 3-02[p][3]; Yunayeva v Kings Bay Hous. Co., Inc., 94 AD3d 452, 453 [1st Dept 2012]). Petitioner only submitted her 2009 tax returns and did not submit any of the suggested proofs of primary residency, such as bank statements, voter registration statements, or bills addressed to her at the apartment (see e.g. Matter of Horne v Wambua, 143 AD3d 605 [1st Dept 2016]). Furthermore, the self-generated documents, as well as those documents prepared by her sister and brother-in-law, did not conclusively establish co-residency during the relevant time period (see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288 [1st Dept 2008]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK