Matter of Broussard v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 02172)





Matter of Broussard v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 02172


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8770 152428/17

[*1]In re John Broussard, Petitioner-Appellant,
v
New York City Department of Housing Preservation & Development, Respondent-Respondent.


Vernon & Ginsburg, LLP, New York (Bari Wolf of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered August 8, 2017, denying the petition to annul the determination of respondent, dated December 7, 2016, which denied petitioner succession rights to the subject Mitchell-Lama apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination has a rational basis in the record and was made in accordance with lawful procedure (see generally Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406 [1st Dept 2007]; CPLR 7803[3]). Contrary to petitioner's contention, being listed on the income affidavits for the relevant time period does not by itself establish his entitlement to succession rights to the apartment (see Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev., 158 AD3d 514 [1st Dept 2018]). Petitioner failed to provide credible documentation showing that the apartment was his primary residence between March 2015 and March 2016, sufficient to establish entitlement to succession rights (28 RCNY 3-02[p][3]). Although petitioner submitted his 2014 and 2015 tax returns, he did not submit any of the suggested proofs of primary residency, such as bank statements, voter registration statements, or bills addressed to him at the apartment (see e.g. Matter of Jacobowitz v New York City Dept. of Hous. Preserv. & Dev., 160 AD3d 417 [1st Dept 2018]). Furthermore, other documents that petitioner did submit, as well as the letters prepared by petitioner's neighbors and by his mother's doctors, did not conclusively establish primary residency during the relevant time period.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK