Matter of Bien-Aime v Been (2019 NY Slip Op 02654)





Matter of Bien-Aime v Been


2019 NY Slip Op 02654


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8933 100494/16

[*1]In re Gary Bien-Aime, Petitioner-Appellant,
v
Vicki Been, etc., et al., Respondents-Respondents.


Law Office of Harry Kresky, Riverdale (Harry Kresky of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for Vicki Been, respondent.
Armstrong Teasdale LLP, New York (Jose Saladin of counsel), for
G.R. Housing Corporation, respondent.



Order and judgment (one paper), Supreme Court, New York County (Carmen Victoria St. George, J.), entered December 1, 2017, denying the petition to annul the determination of the New York City Department of Housing Preservation and Development (HPD), dated December 23, 2015, which denied petitioner's claim for succession rights to the subject apartment, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD had a rational basis for concluding that petitioner did not establish that the subject apartment was his primary residence from 2005 to 2007, the two years before his mother's death (see Matter of Jacobowitz v New York City Dept. of Hous. Preserv. & Dev., 160 AD3d 417 [1st Dept 2018]; Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev., 158 AD3d 514 [1st Dept 2018]). Although petitioner submitted some documentation supporting his residency at the subject apartment, "HPD was entitled to consider . . . inconsistencies among the documents that were submitted" (Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289 [1st Dept 2008]). Petitioner's submissions showed that between 2005 and 2007 he was the tenant of record in a rent stabilized apartment, which, by law, required him to reside in that apartment (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504[a][1][f]), and that he paid rent on a second rent stabilized apartment.
Petitioner also failed to file New York City resident income tax return for 2006, as required to support his succession claim (28 RCNY 3-02[n][4][iv]; see Matter of Girigorie v New York City Dept. of Hous. Preserv. & Dev., 75 AD3d 430, 431 [1st Dept 2010]), and his contention that he had no income is belied by record evidence that was paying rent on one of the apartments during the relevant period.
Petitioner was not entitled to an evidentiary hearing because the regulation under which he claimed succession rights does not provide for a hearing (Matter of Quan v New York City Dept. of Hous. Preserv. & Dev., 70 AD3d 528, 528 [1st Dept 2010], lv denied 17 NY3d 703 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK