Matter of O'Connor v Bratton (2019 NY Slip Op 04336)





Matter of O'Connor v Bratton


2019 NY Slip Op 04336


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9529 101413/16

[*1]In re Michael O'Connor, Petitioner-Appellant,
v
William J. Bratton, etc., et al., Respondents-Respondents.


Law Offices of Joseph A. Romano, P.C., Garden City (Timothy McEnaney of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carmen Victoria St. George, J.), entered December 11, 2017, which denied the petition to annul respondents' determination, dated May 11, 2016, denying petitioner's application for accident disability retirement benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Credible evidence supports the medical board's determination that the origin of petitioner's arrhythmia, tachycardia, and syncope was unknown, and not related to hypertension or job-related stress (see generally Matter of Goldman v McGuire, 101 AD2d 768, 770 [1st Dept 1984], affd 64 NY2d 1041 [1985]). Accordingly, the medical board rebutted General Municipal Law § 207-k's presumption that petitioner's disabling condition was incurred in the line of duty (see e.g. Matter of Titza v Kelly, 138 AD3d 498 [1st Dept 2016]; Matter of Hogg v Kelly, 93 AD3d 507 [1st Dept 2012] Matter of DeMonico v Kelly, 49 AD3d 265 [1st Dept 2008]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK