Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev. (2020 NY Slip Op 06212)





Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev.


2020 NY Slip Op 06212


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 153890/19 Appeal No. 12233 Case No. 2019-04151 

[*1]In re Jennifer Halcomb, et al., Petitioners,
v
New York City Department of Housing Preservation & Development, et al., Respondents.


Goetz L. Vilsaint, Bronx, for petitioners.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated December 19, 2018, which denied petitioners' application for succession rights to the subject Mitchell-Lama apartment of which their mother had been tenant of record, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur F. Engoron, J.], entered September 18, 2019), dismissed, without costs.
Supreme Court should not have transferred the proceeding to this Court, because it does not seek review of a determination "made as a result of a hearing held . . . pursuant to direction by law" (CPLR 7803[4]; see Batyreva v New York City Dept. of Educ., 50 AD3d 283 [1st Dept 2008]). Nevertheless, this Court will retain jurisdiction and review the proceeding in the interests of judicial economy (see Matter of Bigler v Cornell Univ., 266 AD2d 92, 93 [1st Dept 1999], lv dismissed 95 NY2d 777 [2000]). On review, the proper standard is not substantial evidence, but whether the determination was rationally based in the record, and not arbitrary and capricious (see Matter of Kaufman v Anker, 42 NY2d 835, 836-37 [1977]; Matter of Storman v NewYork City Dept. of Educ., 95 AD3d 776, 778 [1st Dept 2012], appeal dismissed 19 NY3d 1023 [2012]).
Here, HPD rationally concluded that petitioners failed to prove they resided in the apartment with the tenant of record as a primary residence for the two years prior to the record tenant's vacatur. The letter submitted by the primary tenant in support of the application contained statements that were both internally inconsistent and inconsistent with petitioners' statements in their application and with the supporting documents. Petitioners failed to present evidence establishing when the tenant of record had resided in the apartment as her primary residence with them and when she vacated, and thus could not establish that they had resided in the appratment with her for two years immediately preceding her vacatur (see Ryan v New York City Dept. of Hous. Preserv. and Dev., 173 AD3d 642, 642 [1st Dept 2019]; Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406, 406-407 [1st Dept 2007]). Petitioners did not supply any New York City income tax return filed by the record tenant using the apartment's address, or proof that she was not obligated to file such a return (see 28 RCNY 3-02[n][4][iv]), any of the primary tenant's bank or utility statements, voter registration records (see Matter of Jacobowitz v New York City Dept. of Hous. Preserv. & Dev., 160 AD3d 417 [1st Dept 2018]), or proof of her residency elsewhere as of a
particular date. Petitioners' presentation of the income affidavits was insufficient, without more, to establish their entitlement to succession rights (Pietropolo, 39 AD3d at 406-407).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020