Matter of Russell v New York City Fire Pension Fund (2021 NY Slip Op 01345)





Matter of Russell v New York City Fire Pension Fund


2021 NY Slip Op 01345


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 160169/19 Appeal No. 13260 Case No. 2020-02382 

[*1]In the Matter of James A. Russell, Petitioner,
v
The New York City Fire Pension Fund, et al., Respondents.


Seelig Law Offices, LLC, New York (Phillip H. Seelig of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Determination of respondent Board of Trustees of the New York City Fire Pension Fund, dated June 26, 2019, which denied petitioner's application for accidental disability retirement (ADR) benefits, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Melissa A. Crane, J.], entered May 5, 2020), dismissed, without costs.
The determination was not made pursuant to an administrative hearing, and therefore the proceeding was improperly transferred to this Court. In the interest of judicial economy however, we address the merits of the petition (Matter of DeMonico v Kelly, 49 AD3d 265 [1st Dept 2008]).
The denial of ADR benefits to petitioner firefighter was supported by credible evidence, and was not arbitrary and capricious (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art.1-B Pension Fund, 90 NY2d 139, 145 [1997]; Matter of Dominguez v O'Neill, 179 AD3d 574, 575 [1st Dept 2020]). The finding that petitioner's disabling hip condition is causally related to a preexisting degenerative condition, rather than his fall while in the performance of his duties, is based upon credible medical evidence, including an MRI taken nine days after the accident which revealed the presence of paralabral cysts, indicative of a chronic degenerative disease, not an acute injury. The post-operative notes by petitioner's treating orthopedist confirmed the presence of an extensive amount of degeneration in the tissue and underlying cartilage of his left hip, as well as an arthritic bony spur. Moreover, petitioner's treating doctors confirmed a diagnosis of ostseoarthritis of the hip. Any conflict in the medical evidence regarding the cause of the disability is within the sole province of the Medical Board to resolve (see Matter of Higgins v Kelly, 84 AD3d 520 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). The Board of Trustees properly relied upon the Medical Board's unanimous opinion as to causation, made after its review of the evidence, on four separate occasions (see Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841, 843 [1982]).
Furthermore, on this record, petitioner failed to establish as a matter of law that his disability was causally related to his accident, and in particular, that his asymptomatic preexisting degenerative disease was exacerbated by the accident, as he claimed (see Meyer, 90 NY2d at 145). As the Medical Board found, there was no
objective evidence to support that theory of causation, which was based solely upon petitioner's subjective claims (see Matter of Tobin v Steisel, 64 NY2d 254, 258-259 [1985]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021