Matter of Saw v Mayor's Off. of Hous. Recovery Operations of the City of N.Y. (2022 NY Slip Op 06874)

Matter of Saw v Mayor's Off. of Hous. Recovery Operations of the City of N.Y.

2022 NY Slip Op 06874

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 153468/18 Appeal No. 16769 Case No. 2021-04554 

[*1]In the Matter of Clarice Saw, Petitioner-Appellant,
v
Mayor's Office of Housing Recovery Operations of the City of New York and NYC Build it Back, Respondent-Respondent.

The Konopka Law Group, New York (Michael Konopka of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 21, 2021, denying the petition to, inter alia, annul respondents' determination, dated December 18, 2017, which found that petitioner was in default of a grant agreement through the NYC Build it Back program following Hurricane Sandy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Following Hurricane Sandy, the City of New York set up the Build it Back (BIB) Program in May 2013 to distribute federal disaster relief funds to the storm's victims. Funds were available to rehabilitate or reconstruct single-family properties containing one to four residential units and/or individually owned units that were either owner-occupied or occupied by a year-round tenant. The funds were administered by respondent Mayor's Office of Housing Recovery Operations of New York.
In September 2013, petitioner applied and was approved for reconstruction assistance from BIB to rehabilitate a home that she owned in Queens, New York (the property). However, following an investigation by the New York City Department of Investigations, respondents determined that petitioner was in default of the agreement she had signed to obtain the BIB funds because she had falsely stated that the property was "owner-occupied," and served as her primary residence.
Contrary to petitioner's contentions, respondents' determination, finding her in default of the grant agreement, was rationally based on evidence that she applied for BIB funds as an "owner-occupant" but her primary residence was at her Pleasantville, New York address (see Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 207 [2019]). Respondents reviewed a number of documents, including petitioner's 2012 tax returns, which listed the Pleasantville address as her home address, and indicated that she paid for childcare expenses at a daycare center only a mile from that address. Respondents also considered petitioner's claim that the property was occupied by a year-round tenant, but ultimately determined that there was insufficient proof to support this claim. In reaching its determination, respondents were entitled to consider these inconsistencies in the documents submitted and the lack of objective documentary evidence supporting her claims (see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289 [1st Dept 2008]).
Petitioner's contentions that she was denied due process are unavailing. In its initial notice of default, respondents informed her of the documents relied on in reaching its determination and it gave her 14 days to request a hearing, which she failed to do. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022