Matter of Toussie v City of New York (2024 NY Slip Op 02761)

Matter of Toussie v City of New York

2024 NY Slip Op 02761

Decided on May 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2024

Before: Webber, J.P., Kern, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 161114/22 Appeal No. 2306 Case No. 2023-03628 

[*1]In the Matter of Robert Toussie et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents.

Scheyer & Stern, LLC, Nesconset (Fredrick P. Stern of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Frank P. Nervo, J.), entered on or about June 27, 2023, denying the petition to annul the determination of respondent New York City Mayor's Office of Housing Recovery Operation (HRO), dated September 6, 2022, which found that petitioners received an overpayment on their Build it Back Better Grant that they were required to repay in the amount of $222,575.05, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HRO's determination was rationally based on the evidence in the record. Petitioners' inaccurate claim of the amount of insurance proceeds received violated their obligations under Build It Back, the Superstorm Sandy disaster recovery program. Thus, there was a sound basis for the determination directing petitioners to repay the amounts overpaid (see Matter of Saw v Mayor's Off. Of Hous. Recovery Operations of the City of N.Y., 211 AD3d 412, 412 [1st Dept 2022]). Petitioners' contention that the grant agreement has long since expired and can no longer be enforced is unavailing as the agreement made clear that its termination could not "prejudice" HRO's legal obligation to enforce any violations of the contract occurring before the contract's term ended. Petitioners' claim that representatives of HRO had determined that the insurance company settlement would not be included in the calculation of the benefits also fails as "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev., 158 AD3d 514, 515 [1st Dept 2018] [internal quotation marks omitted]).
Petitioners' remaining claims are also unavailing as neither HRO's damage assessment of their property nor the proceeds received from their insurer differentiated between "wind-related" or "flood-related" damage. In any event, HRO was required to subtract any insurance proceeds received for storm-related repairs, regardless of the source of the damage or type of insurance coverage involved, consistent with its duties under federal law. Furthermore, HRO considered the cancelled checks provided after their hearing and rationally declined reimbursement, and petitioners offered no evidence for their claim that the trust that received rental income was not self-dealing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2024