Matter of Mantilla v New York City Dept. of Hous. Preserv. & Dev. (2024 NY Slip Op 04484)

Matter of Mantilla v New York City Dept. of Hous. Preserv. & Dev.

2024 NY Slip Op 04484

Decided on September 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 19, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 153475/22 Appeal No. 2219 Case No. 2022-03774 

[*1]In the Matter of Kermit Mantilla, Petitioner-Respondent,
v
New York City Department of Housing Preservation and Development, Respondent-Appellant, M Plaza LP, Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chase H. Mechanick of counsel), for appellant.
David F. Miranda, New York, for respondent.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered July 21, 2022, granting the petition brought pursuant to CPLR article 78 to annul New York City Department of Housing Preservation and Development's (HPD) final determination, dated December 27, 2021, which denied petitioner Kermit Mantilla's application seeking succession rights to his brother's Mitchell-Lama apartment, reversed, on the law, without costs, the petition denied, and the proceeding dismissed.
HPD determinations regarding succession rights must be upheld so long as some rational basis in the record is provided (see Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev., 187 AD3d 673, 673 [1st Dept 2020]; Matter of Broussard v New York City Dept. of Hous. Preserv. & Dev., 170 AD3d 563, 563 [1st Dept 2019]). To succeed to the leasehold rights of a Mitchell-Lama apartment, a petitioner who is a senior citizen is required to make a three-part showing that he or she is a member of the tenant's family; resided with the tenant in the apartment as a primary residence for a period of not less than one year immediately prior to the tenant's permanent vacating of the apartment; and appeared on income documentation, such as income affidavits, recertifications or Section 8 forms submitted by the tenant for the reporting period immediately prior to his or her permanent vacating of the apartment (see 28 RCNY 3-02[p][3]).
To establish primary residency, a family member applicant must submit documentation, such as a motor vehicle registration, driver's license, voter registration card, insurance policy, or any other document filed with a public agency, that includes the apartment's address (see 28 RCNY 3-02[n][4][i]-[ii]). In addition, the applicant must submit New York City resident income tax returns showing the address of the subject dwelling unit as their own or alternatively provide proof that they are not required to file taxes (see 28 RCNY 3-02[n][4][iv]).
In his administrative appeal, petitioner incorporated many of the same documents that he annexed to his initial succession application. He also attached: (1) income recertification documents listing both him and his brother as residents; (2) undated pictures of him and his brother; (3) a New York State driver's license issued to him in July 2020, four months after petitioner's brother passed; (4) bank statements from June 2019 to April 2020 for his brother's bank account, for which petitioner had power of attorney; (5) social security documentation mailed to him in New York in July 2020; and (6) other correspondence from New York agencies mailed to him at his brother's New York addressmainly in January and February 2019. The HPD hearing officer rejected petitioner's appeal, finding that he failed to establish that he co-resided with his brother in the subject apartment for one year prior to his passing.
It is well settled that judicial review of an administrative determination is [*2]limited to whether that determination was arbitrary and capricious or made without a rational basis in the administrative record (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1984]). A court may not substitute its own view of the evidence for that of the agency, even if the court would have reached a different result in the first instance (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Specifically, a court must uphold any HPD determinations regarding succession rights as long as there is some rational basis in the record to sustain them (see Halcomb, 187 AD3d at 673).
A careful review of the record shows that HPD had a rational basis to affirm the denial of petitioner's succession rights. Petitioner failed to meet his burden to produce documents that would establish his primary residence was the New York apartment. He never provided any tax returns or proof that he was not required to file, which is a necessary component of any succession rights application (see Matter of Bien-Aime v Been, 171 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 905 [2019]). Instead, he argued for the first time in his petition that he was not required to file tax returns due to his low income. Petitioner cannot fault HPD for failing to consider an argument that was not raised before it.
Even though petitioner submitted income recertification documents, the hearing officer correctly determined that they were insufficient to meet his burden of proof (see Matter of Jian Min Lei v New York City Dept. of Hous. Preserv. & Dev., 158 AD3d 514, 514 [1st Dept 2018]). Petitioner failed to submit additional evidence that could have supported his application, such as bank statements from his own bank account or a New York State driver's license issued during the relevant one-year time period. Instead, petitioner maintained a Florida license and obtained a New York license only after his brother had passed. Much of the correspondence from the Social Security Administration was either addressed to his Florida residence or communicated outside the co-residency period. Petitioner did not submit any utility bills, medical statements, credit card statements, or other correspondence connecting him to the New York apartment, all of which were suggested by HPD.
Supreme Court improperly substituted its view of the evidence for that of the agency. Despite the court's clear indication that it would have reached a different result, it must defer to the administrative agency's rational interpretation of its own regulations in its area of expertise. There is no basis to find that HPD made a determination "without sound basis in reason or regard of the facts" (Peckham, 12 NY3d at 431).
All concur except Webber, J.P. and Moulton, J. who dissent in memorandum as follows:
Webber, J.P. (dissenting).  
In my opinion, petitioner, who is a senior citizen, made the required three-[*3]part showing to succeed to the leasehold rights of a Mitchell-Lama apartment. Petitioner established that he is a member of the tenant's family, resided with the tenant in the apartment as a primary residence for a period of not less than one year immediately prior to the tenant's permanent vacating of the apartment, and appeared on income documentation submitted by the tenant (i.e., income affidavits, recertifications, or Section 8 forms), for at least the reporting period immediately prior to the permanent vacating of the apartment by the tenant (28 RCNY 3-02[p][3]).
It is undisputed that petitioner was a senior citizen, and that he submitted income recertification, with income adjusted to reflect his income for the relevant time period, i.e., one year prior to his brother's death on March 21, 2020, or the period from March 21, 2019 to March 21, 2020. Thus, the first and third prongs were satisfied.
The remaining question is whether the second prong — that petitioner resided in the apartment as a primary residence for not less than one year prior to the tenant's permanent vacancy — was satisfied. Although income affidavits alone are insufficient to establish primary residency (see Matter of Kralik v New York City Dept. of Hous. Preserv. & Dev., 223 AD3d 468, 469 [1st Dept 2024], lv denied 41 NY3d 910 [2024]), printouts from the Supplemental Nutrition Assistance Program (SNAP) during the relevant time period indicated that petitioner remained an active member of the household and was receiving benefits (see Matter of Maldonado v Crotona Place W. Hous. Dev., 168 AD3d 524, 525 [1st Dept 2019]). In addition, as part of his application for succession benefits, petitioner included documents indicating his inclusion as a power of attorney on a bank statement used primarily in New York in late 2018, and his brother's death certificate, dated March 21, 2020, which identified him as the informant and listed the subject apartment as his address. Thus, the second prong was also satisfied.
The majority points to the fact that petitioner did not submit any of the suggested proofs of primary residency, such as bank statements in his name, voter registration statements, or bills addressed to him at the apartment (see Matter of Horne v Wambua, 143 AD3d 605, 606 [1st Dept 2016]). This list, however, is not exhaustive. Further, as noted by Supreme Court, not every person registers to vote, and petitioner may have chosen not to drive a car in New York.
What the majority refers to as deference to the rational interpretation of the administrative agency's own regulations in its area of expertise does not require this Court to ignore the lack of a rational basis on the part of HPD for denying the petition.
For these reasons, I respectfully dissent.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 19, 2024