Matter of Kander v New York City Dept. of Hous. Preserv. & Dev. (2025 NY Slip Op 01045)

Matter of Kander v New York City Dept. of Hous. Preserv. & Dev.

2025 NY Slip Op 01045

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 156091/22|Appeal No. 3747|Case No. 2023-05085|

[*1]In the Matter of Patricia Kander, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, et al., Respondents-Respondents.

Himmelstein, McConnell, Gribben & Joseph LLP, New York (Serge Joseph of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for New York City Department of Housing Preservation and Development, respondent.
Sontag & Hyman, P.C., Roslyn Heights (Bruce Sontag of counsel), for Dayton Towers Corp., respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered September 14, 2023, which denied the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated April 27, 2022, denying petitioner's application for succession rights to an affordable housing unit under the Mitchell-Lama program, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD rationally determined that petitioner's documentation was insufficient to prove that she co-resided in the apartment as a primary residence with her son, the tenant of record, for one year before he vacated the apartment (see Rules of City of NY Hous Preserv and Dev[28 RCNY] § 3-02[n][4], [p][3]; Matter of Kralik v New York City Dept. of Hous. Preserv. & Dev., 223 AD3d 468, 469 [1st Dept 2024], lv denied 41 NY3d 910 [2024], cert denied — US — [Nov. 18, 2024, No. 24-412]). Although petitioner submitted tax returns and income affidavits for the relevant co-residency period, she failed to submit bank statements, a driver's license, motor vehicle registration, voting registration, utility bills, or other documentation connecting her to the apartment (see Matter of Mantilla v New York City Dept. of Hous. Preserv. & Dev., 230 AD3d 1006, 1007-1008 [1st Dept 2024]). Furthermore, a deed of sale for petitioner's other home listed that home as her address, thus creating inconsistencies in her application materials (see Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev., 187 AD3d 673, 674 [1st Dept 2020]).
Petitioner may not rely on documents submitted for the first time with her petition to prove residency, as "[j]udicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000] [internal quotation marks omitted]).
HPD's determination did not deprive petitioner of due process, as petitioner "lacked [a] property interest" in the right of succession to her son's Mitchell-Lama housing unit (Matter of Camden Plaza N. v New York City Dept. of Hous. Preserv. & Dev., 290 AD2d 344, 344 [1st Dept 2002]). Even if petitioner had a protected property interest, "HPD's procedures pursuant to its regulations for determining succession rights satisfy due process" (Matter of Horne v Wambua, 143 AD3d 605, 606 [1st Dept 2016]).
We have considered petitioner's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025